ORIGINAL

1  Judith A. Blick, Bar No. 105479
   Susan J. Gill, Bar No. 131890
2  Kevin J. McConville, Bar No. 149669
   **BLICK, GILL & RHOADES**
3  5473 Kearny Villa Road, Suite 270
   San Diego, CA 92123
4  Tele: (858) 712-9222
   Fax: (858) 712-9333
5  sgill@coveragecounsel.com

6  Attorneys for Defendants, NATIONAL UNION FIRE
   INSURANCE CO. OF PITTSBURGH, PA, ASSOCIATED
7  UNDERWRITERS, UNITED TRUCKERS ASSOCIATION

FILED

2008 JUL -3  PM 12: 26

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY _____ DEPUTY

8          **UNITED STATES DISTRICT COURT**

9        **FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

'08 CV 1195 JLS LSP

10  MILES HALL,                          CASE NO.

11        Plaintiff,                     **NOTICE OF REMOVAL OF
                                         ACTION UNDER 28 U.S.C. §1441(b)**
12  v.                                   **AND DEMAND FOR JURY TRIAL
                                         [DIVERSITY]**
13  NATIONAL UNION FIRE
    INSURANCE CO. OF PITTSBURGH,
14  PA, a corporation; ASSOCIATED
    UNDERWRITERS; UNITED
15  TRUCKERS ASSOCIATION; and
    DOES 1 through 100, inclusive,       **BY FAX**
16
          Defendant.
17

18      **TO THE HONORABLE JUDGES AND THE CLERK OF THE UNITED**

19  **STATES DISTRICT COURT OF THE SOUTHERN DISTRICT OF**

20  **CALIFORNIA:**

21          PLEASE TAKE NOTICE that Defendants NATIONAL UNION FIRE

22  INSURANCE CO. OF PITTSBURGH, PA, ASSOCIATED UNDERWRITERS AND

23  UNITED TRUCKERS ASSOCIATION (hereinafter collectively referred to as the

24  "DEFENDANTS") hereby remove to this Court, the State Court Action as described

25  below:

26          1.      On or about June 2, 2008, an action was commenced in the Superior Court

27  of the State of California, County of San Diego, entitled *Miles Hall v. National Union*

28  *Fire Insurance Co. of Pittsburgh, PA, et al.* as case number 37-2008-00084925-CU-IC-

1

**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1441(b)**

1  CTL.  A copy of the Summons and Complaint are collectively attached hereto as

2  Exhibit "A".

3          2.      The first date upon which Defendant NATIONAL UNION FIRE

4  INSURANCE CO. OF PITTSBURGH, PA received a copy of the complaint was on

5  June 10, 2008, upon service of the Summons and Complaint on defendant  A copy of

6  the Summons and Proof of Service are attached hereto as Exhibit "B".  Notice of

7  Removal having been duly filed and effected within thirty (30) days, from the first date

8  that any Defendant was properly served in the subject action.

9          3.      This action is a civil action of which this Court has original jurisdiction

10  under 28 U.S.C. §1332, and is one which may be removed to this Court by the

11  DEFENDANTS pursuant to the provisions of 29 U.S.C. §1441(b) in that it is a civil

12  action in controversy reasonably believed to exceed $75,000, inclusive of interest and

13  costs, because although the DEFENDANTS deny any liability, the Plaintiff seeks

14  punitive damages that are reasonably believed to be claimed in an amount in excess of

15  the Court's jurisdictional requirements.  Complete diversity of citizenship exists both at

16  the time of commencement of the instant action and at the time of removal between

17  Plaintiff and all DEFENDANTS.  All DEFENDANTS hereby join in this Notice of

18  Removal.

19          4.      Plaintiff, MILES HALL, is, and at all times relevant was, a citizen of the

20  State of California, residing in the Southern District of California.

21          5.      Defendant, NATIONAL UNION FIRE INSURANCE CO. OF

22  PITTSBURGH, PA is and at all time was, a corporation that was incorporated in

23  Pennsylvania, and had its principal place of business and principal office located in the

24  State of New York.

25          6.      Defendant, ASSOCIATED UNDERWRITERS, is and at all relevant times

26  was, a corporation that was incorporated in Colorado, and had its principal place of

27  business and principal office located in the state of Texas.

28          7.      Defendant, UNITED TRUCKERS ASSOCIATION, is and at all relevant

                                              2

**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1441(b)**

1  times was a corporation that was incorporated in Colorado, and had its principal place
2  of business and principal office located in the state of Texas.

3      8.    Although fictitiously named designated DEFENDANTS are referred to in
4  the Complaint, such fictitiously named DEFENDANTS are to be disregarded under 28
5  U.S.C. §1441 for purposes of determining jurisdiction.

6      9.    Upon the filing of this Notice of Removal of Civil Action, a conformed
7  copy will be served upon the Plaintiff, and will be filed with the Court of the Superior
8  Court of the State of California, County of San Diego in accordance with the
9  provisions of 28 U.S.C. §1446(d).

10  **DEMAND FOR JURY TRIAL**

11      DEFENDANTS hereby demands a trial by jury pursuant to Rule 38(b) of the
12  *Federal Rules of Civil Procedure.*

13  Date: _____7-3-08_____               BLICK, GILL & RHOADES

14

15                                       By: _____
16                                           Susan J. Gill
                                             Attorneys for Defendants, NATIONAL
17                                           UNION FIRE INSURANCE CO. OF
                                             PITTSBURGH, PA, ASSOCIATED
18                                           UNDERWRITERS, UNITED
                                             TRUCKERS ASSOCIATION

19

20

21

22

23

24

25

26

27

28

---

**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1441(b)**

# EXHIBIT "A"

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

CIVIL BUSINESS OFFICE 3

2008 JUN -2 P 4: 27

CLERK-SUPERIOR COURT

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
National Union Fire Insurance Co. of Pittsburgh, PA, Associated
Underwriters, and United Truckers Association, and Does
1 Through 100, Inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
Miles Hall

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff.  A letter or phone call will not protect you.  Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you.  If you cannot pay the filing fee, ask the court clerk for a fee waiver form.  If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.
There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen.  Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta.  Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca.  Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.
Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro.  Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO
Central Division, Hall of Justice District
330 West Broadway, San Diego, CA 92101

CASE NUMBER 37-2008-00084925-CU-IC-CTL
*(Número del Caso):*

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
R. Michael Jordan, Esq. / Michael D. Marchesini, Esq. (Bar # 108000 / 190558)   Phone No.: (619) 237-5400
Munro Smigliani & Jordan, LLP
655 West Broadway, Suite 840, San Diego, CA 92101-8482   Fax No.: (619) 237-5400

DATE: JUN 0 2 2008       Clerk, by R. Vela , Deputy
*(Fecha)*                *(Secretario)*              *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*

3. [X] on behalf of *(specify):* NATIONAL UNION FIRE INSURANCE Co. of PITTSBURGH PA

   under: [ ] CCP 416.10 (corporation)        [ ] CCP 416.60 (minor)
          [ ] CCP 416.20 (defunct corporation) [ ] CCP 416.70 (conservatee)
          [ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
          [X] other *(specify):* BUSINESS ENTITY FORM UNKNOWN

4. [ ] by personal delivery on *(date):*

[SEAL]

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Page 1 of 1

Code of Civil Procedure §§ 412.20, 465

*LexisNexis® Automated California Judicial Council Forms*

1 | R. Michael Jordan, Esq. (SBN 108000)
Michael Marchesini Esq. (SBN 190558)

2 | **MUNRO SMIGLIANI & JORDAN, LLP**
655 West Broadway, Suite 840

3 | San Diego, CA 92101-8482
619-237-5400 / FAX: 619-238-5597

4

5 | Attorneys for Plaintiff MILES HALL

6

7

8 | **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9 | **COUNTY OF SAN DIEGO**

10

11 | MILES HALL,

12 |         Plaintiff,

13 |      vs.

14 | NATIONAL UNION FIRE INSURANCE CO. OF
PITTSBURGH, PA, a corporation; ASSOCIATED

15 | UNDERWRITERS; UNITED TRUCKERS
ASSOCIATION; and DOES 1 through 100,

16 | Inclusive,

17 |        Defendants.

CASE NO. 37-2008-00084925-CU-IC-CTL

**COMPLAINT FOR DECLARATORY RELIEF, MISREPRESENTATION AND CONCEALMENT, BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING, BREACH OF CONTRACT, AND UNFAIR BUSINESS PRACTICES**

18

19 |    Plaintiff MILES HALL respectfully alleges:

20 | **GENERAL ALLEGATIONS**

21 |     1.    At all times herein mentioned, Plaintiff MILES HALL was and is an individual residing

22 | in California.

23 |     2.    Plaintiff is informed and believes and thereon alleges that Defendant NATIONAL

24 | UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA (hereinafter "NATIONAL

25 | UNION") is an admitted insurer licensed and doing business in California subject to the regulatory

26 | authority of the California Insurance Commissioner and a member of the American International

27 | Group with offices in San Diego, California. Defendant ASSOCIATED UNDERWRITERS is a

28 | managing general agent for NATIONAL UNION marketing occupational accident insurance

1  nationally and in California. Defendant UNITED TRUCKERS ASSOCIATION is a purported

2  trucking association owned by principals of ASSOCIATED UNDERWRITERS and is the marketing

3  vehicle for ASSOCIATED UNDERWRITERS for the sale of occupational accident coverage with

4  NATIONAL UNION.

5      3.      Defendants DOE 1 through 100, inclusive, are sued herein under fictitious names.

6  Their true names and capacities are unknown to Plaintiff. When their true names and capacities are

7  ascertained, Plaintiff will amend this Complaint by inserting their true names and capacities herein.

8  Plaintiff is informed and believes and thereon alleges that an actual controversy has arisen between

9  Plaintiff and each of said Defendants.

10     4.      Plaintiff is informed and believes and thereon alleges that on February 15, 2007,

11  ROBERT HALL applied for an occupational accident insurance policy with policy benefits with

12  combined single limits of $1,000,000. The application provided by ASSOCIATED

13  UNDERWRITERS did not designate any limit of liability for policy benefits other than $1,000,000 for

14  occupational accident coverage.

15     5.      By handwritten entry, the application identified MILES HALL as the sole beneficiary

16  of the policy.

17     6.      Plaintiff is informed and believes and thereon alleges that there was no communication

18  to Robert Hall of any lesser limit of liability prior to March 6, 2007.

19     7.      On March 6, 2007, while ROBERT HALL was in the course of providing occupational

20  services on behalf of FRED D. WILLIAMS, JR., ROBERT HALL was killed when the truck in which

21  he was traveling collided and caught fire.

22     8.      MILES HALL presented a timely claim for policy benefits.

23     9.      On May 30, 2007, MILES HALL objected to any payments of policy benefits to

24  ROBERT HALL's estranged wife PHYLLIS BENJAMIN.

25     10.     Thereafter, NATIONAL UNION stated its intention to pay a $250,000 death benefit to

26  PHYLLIS BENJAMIN, and the balance of a $50,000 survivor benefit to MILES HALL.

27     11.     On 11/15/07, MILES HALL renewed his objection to payment of policy benefits to

28  PHYLLIS BENJAMIN and reserved his rights to receive payment of all benefits payable up to the

1   $1,000,000 limit of liability.  Despite Mr. Hall's objections, NATIONAL UNION has continued to

2   issue installment payments to PHYLLIS BENJAMIN over Mr. Hall's objections.

3   **FIRST CAUSE OF ACTION**
    **DECLARATORY RELIEF AS TO NATIONAL UNION**
4

5   12.   Plaintiff incorporates by reference paragraphs 1 - 11 as if fully set forth herein.

6   13.   An actual controversy exists in that plaintiff contends and defendant disputes that

7   ROBERT HALL applied for occupational accident insurance designating MILES HALL as his

8   beneficiary in the event of his death with benefits of one million dollars, combined single limits and

9   with no lesser limitation of coverage or subcategories of coverage with separate limits of liability.

10  14.   There was no conspicuous plain or clear statement of any lesser limit of liability or any

11  reduction of benefits payable to ROBERT HALL's designated beneficiary ever communicated to

12  ROBERT HALL prior to his death on March 6, 2007.

13.   15.   An actual controversy exists in that plaintiff contends and defendant disputes that

14  plaintiff is entitled to full benefits under defendant's policy up to the one million dollar combined

15  single limit of liability as stated in the application accepted by defendant.

16  16.   A declaration of rights is necessary to allow plaintiff to secure his rights under

17  defendant's policy.

18  **SECOND CAUSE OF ACTION**
    **INTENTIONAL MISREPRESENTATION AND CONCEALMENT AS TO NATIONAL**
19  **UNION, ASSOCIATED UNDERWRITERS, AND  UNITED TRUCKERS ASSOCIATION**

20  17.   Plaintiff incorporates by reference paragraphs 1 - 16 as if fully set forth herein.

21  18.   ASSOCIATED UNDERWRITERS is a managing general agency for NATIONAL

22  UNION and has binding authority on behalf of NATIONAL UNION.

23  19.   ASSOCIATED UNDERWRITERS holds itself out as an insurance provider

24  specializing in providing insurance products tailored to the needs of the trucking industry and in

25  particular owner operators and independent contractors.

26  20.   ASSOCIATED UNDERWRITERS markets its services through UNITED TRUCKERS

27  ASSOCIATION.  UNITED TRUCKERS ASSOCIATION offers insurance products through

28  ASSOCIATED UNDERWRITERS as a member benefit. UNITED TRUCKERS ASSOCIATION and

1  ASSOCIATED UNDERWRITERS maintain adjoining offices at 305 Stewart Place Road and 309

2  Stewart Place Road, Harlingen, Texas. The officers of UNITED TRUCKERS ASSOCIATION are

3  officers of ASSOCIATED UNDERWRITERS.

4      21.    As underwriters specializing in insurance products for the trucking industry,

5  ASSOCIATED UNDERWRITERS is aware of the financial responsibility requirements for the

6  operators of commercial vehicles and are further aware that the term Combined Single Limits has

7  specialized meaning within the trucking industry because of financial responsibility filing

8  requirements which require proof of liability insurance with combined single limits of $1,000,000, and

9  that the description of an insurance product with $1,000,000 combined single limits for a target market

10  of independent contractors and owner operators would enhance its marketability to that target market.

11      22.    When ASSOCIATED UNDERWRITERS solicited ROBERT HALL's application for

12  $1,000,000 combined single limits of occupational accident coverage, there was no indication the

13  policy would provide lesser sublimits of coverage, or provide benefits payable other than to the

14  designated beneficiary.

15      23.    After ROBERT HALL ordered the coverage bound and paid the premium for

16  $1,000,000 in occupational accident coverage, NATIONAL UNION asserted that the policy does not

17  provide combined single limits of $1,000,000 for the benefit of MILES HALL as his designated

18  beneficiary, but rather multiple lesser limits and benefits payable to others than the designated

19  beneficiary.

20      24.    NATIONAL UNION asserts that its obligation is to provide a $50,000 death benefit to

21  the designated beneficiary MILES HALL, and a $200,000 survivors benefit payable to ROBERT

22  HALL's estranged spouse PHYLLIS BENJAMIN in one hundred monthly installments of $2,000.

23      25.    This difference in terms is material in that it reduces the amount of coverage for the

24  designated beneficiary to one-twentieth the amount purchased based on the application and pays four

25  times that amount to the applicant's estranged spouse with no disclosure in the application that he

26  would be paying premiums for her benefit and to the exclusion of his designated beneficiary.

27      26.    Defendants' sale of restricted coverage through the concealment of Defendants' limited

28  coverage in its application and promotional material allows defendants to collect premiums for

4
COMPLAINT

1   coverage significantly less and materially different than that which it is represented to be in the

2   application.

3       27.    Defendants' practice is designed to induce owner operators and independent contractors

4   who recognize the term Combined Single Limits to mean uniform limits of coverage as opposed to

5   multiple sub-limits of varying amounts to purchase occupational accident coverage from defendants

6   and allows defendants to sell more restrictive coverage at a higher premium, and under circumstances

7   in which the coverage would not be compatible with the objective to be insured.

8       28.    Defendants had a duty to disclose these terms and all other material terms at the time of

9   the application.

10      29.    Defendants intentionally concealed and withheld their intent to modify coverage and

11  reduce plaintiff's protection with the intent to secure premiums and provide lesser protection. As a

12  proximate result of defendants' conduct, plaintiff has been damaged in a sum to be proved at trial.

13      30.    Plaintiff has suffered damages according to proof, and has, and will incur attorney's

14  fees to compel defendant NATIONAL UNION to comply with their contractual obligations.

15      31.    Defendants' actions constitute malice, fraud or oppression, entitling plaintiff to punitive

16  damages.

17              **THIRD CAUSE OF ACTION**
18  **NEGLIGENT MISREPRESENTATION AS TO NATIONAL UNION, ASSOCIATED**
          **UNDERWRITERS, AND UNITED TRUCKERS ASSOCIATION**

19      32.    Plaintiff hereby incorporates Paragraphs 1 – 31 as if fully set forth herein.

20      33.    ASSOCIATED UNDERWRITERS is a managing general agency for NATIONAL

21  UNION and has binding authority on behalf of NATIONAL UNION.

22      34.    ASSOCIATED UNDERWRITERS holds itself out as an insurance provider

23  specializing in providing insurance products tailored to the needs of the trucking industry and in

24  particular owner operators and independent contractors.

25      35.    ASSOCIATED UNDERWRITERS markets its services through UNITED TRUCKERS

26  ASSOCIATION. UNITED TRUCKERS ASSOCIATION offers insurance products through

27  ASSOCIATED UNDERWRITERS as a member benefit. UNITED TRUCKERS ASSOCIATION and

28  ASSOCIATED UNDERWRITERS maintain adjoining offices at 305 Stewart Place Road and 309

1  Stewart Place Road, Harlingen, Texas. The officers of UNITED TRUCKERS ASSOCIATION are the

2  officers of ASSOCIATED UNDERWRITERS.

3       36.    As underwriters specializing in insurance products for the trucking industry,

4  ASSOCIATED UNDERWRITERS is aware of the financial responsibility requirements for the

5  operators of commercial vehicles and are further aware that the term Combined Single Limits has

6  specialized meaning within the trucking industry because of financial responsibility filing

7  requirements which require proof of insurance with Combined Single Limits of $1,000,000, and that

8  the description of an insurance product with $1,000,000 combined single limits for a target market of

9  independent contractors and owner operators would enhance its marketability to that target market.

10      37.    When ASSOCIATED UNDERWRITERS solicited ROBERT HALL's application for

11  $1,000,000 combined single limits of occupational accident coverage, there was no indication the

12  policy would provide lesser sublimits of coverage, or provide benefits payable other than to the

13  designated beneficiary.

14      38.    After ROBERT HALL ordered the coverage bound and paid the full premium for

15  $1,000,000 in occupational accident coverage and suffered fatal injuries, NATIONAL UNION

16  asserted for the first time that the policy does not provide combined single limits of $1,000,000 for the

17  benefit of MILES HALL as his designated beneficiary, but rather multiple lesser limits and benefits

18  payable to others than the designated beneficiary.

19      39.    NATIONAL UNION asserts that its obligation is to provide a $50,000 death benefit to

20  the designated beneficiary MILES HALL, and a $200,000 survivors benefit payable to ROBERT

21  HALL's estranged spouse PHYLLIS BENJAMIN in one hundred monthly installments of $2,000.

22      40.    This difference in terms is material in that it reduces the amount of coverage for the

23  designated beneficiary to one-twentieth the amount purchased based on the application and pays four

24  times that amount to the applicant's estranged spouse with no disclosure in the application that he

25  would be paying premiums for her benefit and to the exclusion of his designated beneficiary.

26      41.    Defendants' sale of restricted coverage through the concealment of Defendants' limited

27  coverage in its application and promotional material allows defendants to collect premiums for

28  coverage significantly less than that which it is represented to be in the application.

6
COMPLAINT

42.    Defendants' practice is designed to induce owner operators and independent contractors who recognize the term Combined Single Limits to mean uniform limits of coverage as opposed to multiple sub-limits of varying amounts of coverage to purchase occupational accident coverage from defendants, and allows defendants to sell more restrictive coverage at a higher premium, and under circumstances in which the coverage would not be compatible with the objective to be insured.

43.    Defendants had a duty to disclose these terms and all other material terms at the time of the application.

44.    Defendants negligently concealed and withheld their intent to modify coverage and reduce plaintiff's protection with the intent to secure premiums and provide lesser protection. As a proximate result of defendants' conduct, plaintiff has been damaged in a sum to be proved at trial.

45.    Plaintiff has suffered damages according to proof, and has, and will incur attorney's fees to compel defendant NATIONAL UNION to comply with their contractual obligations.

### FOURTH CAUSE OF ACTION
### UNFAIR BUSINESS PRACTICES AS TO ASSOCIATED UNDERWRITERS AND NATIONAL UNION

46.    Plaintiff hereby incorporates Paragraphs 1 – 45 as if fully set forth herein.

47.    Defendant ASSOCIATED UNDERWRITERS is a managing general agency for NATIONAL UNION and has binding authority on behalf of NATIONAL UNION. Defendants market their policies to insureds through brokers representing insureds, as opposed to appointed agents.

48.    Defendants issue an application for occupational accident insurance with combined single limits of $1,000,000, $500,000 or $300,000, knowing that the term "Combined Single Limits" is a term of specialized meaning within the insurance industry and the trucking industry, and is generally understood to represent an expansion as opposed to a restriction in coverage.

49.    Defendants' practice is designed to induce purchase of policies by owner operators and independent contractors who recognize the term "Combined Single Limits" to mean single limit of liability as opposed to multiple lesser limits of liability by stating limits of liability in a form consistent with the financial responsibilities requirements as required when there is no such financial

7

COMPLAINT

1    responsibility requirement for occupational accident insurance.

2        50.    Using its underwriting, marketing, drafting practices and unequal bargaining power as

3    part of its regular business practice, NATIONAL UNION and ASSOCIATED UNDERWRITERS

4    engage in false and misleading business practices to increase their market share.

5        51.    Engaging in false and misleading business practices, Defendants ASSOCIATED

6    UNDERWRITERS and NATIONAL UNION restrict available market share to legitimate insurers,

7    restricting competition within the lines of business underwritten by Defendants.  These business

8    practices induce owner operators and independent contractors in the trucking industry to place

9    coverage with ASSOCIATED UNDERWRITERS and NATIONAL UNION.

10        52.    Defendants are aware that California law requires that even if coverage limitations are

11    not ambiguous, they must be conspicuous in order to be enforceable.  Defendants have denied plaintiff

12    benefits based on language concealed, mislabeled, and not disclosed in the application.

13        53.    Specifically, such conduct violates at least the following subsections of the Consumer

14    Legal Remedies Act:

15        54.    Civil Code §1770 (9) advertising goods or services with the intent not to sell them as

16    advertised.

17        55.    Civil Code §1770 (14) representing that a transaction confers or involves rights,

18    remedies, or obligations, which it does not have or involve, or which are prohibited by law.

19        56.    Civil Code §1770 (16) representing that the subject of a transaction has been supplied

20    in accordance with a previous representation when it has not.

21        57.    Civil Code §1770 (19) inserting an unconscionable provision in the contract.

22        58.    Insurance Code §§ 780 and 781 by causing and permitting to be issued, circulated or

23    used, misrepresentations and misleading as to the terms of the NATIONAL UNION policy, as well as

24    to the benefits promised thereunder.

25        59.    NATIONAL UNION and ASSOCIATED UNDERWRITERS have committed acts of

26    unfair competition as defined by Business and Professions Code §17200 by their conduct as alleged

27    above.  Defendants by the above referenced conduct have engaged in unlawful business practices with

28    respect to the Hall policy of insurance.

60.    Plaintiff is informed and believes and on that basis alleges that the unlawful practices alleged above are continuing in nature and are widespread practices engaged in by Defendants.

61.    Plaintiff respectfully requests that an injunction be issued against Defendants, and each of them, to enjoin them from continuing to engage in the unlawful conduct alleged herein.

## FIFTH CAUSE OF ACTION
## BREACH OF CONTRACT AS TO NATIONAL UNION

62.    Plaintiff incorporates by reference Paragraphs 1 – 61 as if fully set forth herein.

63.    ASSOCIATED UNDERWRITERS was and is the managing general agent for NATIONAL UNION with actual binding authority to quote and issue policies of insurance on behalf of NATIONAL UNION.

64.    NATIONAL UNION, through its agent ASSOCIATED UNDERWRITERS, quoted occupational accident coverage of $1,000,000.

65.    NATIONAL UNION, through its agent ASSOCIATED UNDERWRITERS, accepted the order to bind coverage as quoted.

66.    Plaintiff has complied with all policy conditions, and defendants have received payment of premium for $1,000,000 combined single limits of coverage, which defendant has accepted.

67.    Defendant breached its contract by issuing to defendant UNITED TRUCKERS ASSOCIATION a policy which NATIONAL UNION contends allows it to reduce its limit of liability from $1,000,000 to $50,000. If defendant's contention is correct, defendant failed to deliver a policy which conforms to the terms of the quote.

68.    Defendant has further breached the contract by refusing to pay plaintiff policy benefits of $950,000.

69.    As a result of defendants' breach, plaintiff has incurred damages in a sum according to proof at the time of trial.

## SIXTH CAUSE OF ACTION
## BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING
## AS TO NATIONAL UNION

70.    Plaintiff incorporates by reference Paragraphs 1 – 69 as if fully set forth herein.

71.    Defendants have breached their duty of good faith and fair dealing owed to plaintiff in

9

COMPLAINT

the following respects:

    A.    Issuing a policy, which fails to conform with the terms of the initial quote.

    B.    Issuing a policy, which is intended to conceal and misrepresent material terms of coverage.

    C.    Misrepresenting the applicability of coverage limitations with respect to the applicable laws.

    D.    Failing to reasonably investigate and process plaintiff's claims for benefits.

    E.    Not attempting in good faith to effectuate a prompt, fair and equitable settlement of plaintiff's claims for benefits under circumstances in which liability has become reasonably clear.

    F.    Failing to promptly provide a reasonable explanation of the basis relied on and the policies, in relation to the applicable facts, for the denial of plaintiff's claims for benefits.

    G.    Compelling plaintiff to institute litigation to recover benefits due under the policy.

    H.    Failing to investigate plaintiff's claims thoroughly.

    I.    Failing to evaluate plaintiff's claims objectively.

    72.    Defendants are aware that California law requires that even if coverage limitations are not ambiguous, they must be conspicuous in order to be enforceable. Defendants have denied plaintiff benefits based on language concealed, mislabeled, and hidden.

    73.    Despite the absence of an enforceable limitation in coverage, NATIONAL UNION refuses to pay plaintiff the $1,000,000 combined single limit of coverage sold by defendants. As a proximate result of defendants' unreasonable refusal to satisfy its obligation under the terms of this contract, plaintiff has suffered the loss of benefits, as well as interest at the legal rate, plus the cost of attorney's fees incurred to secure the benefits due plaintiff under the terms of Defendant's policy.

    74.    As a further proximate result of defendants' failure to honor their duties in good faith and fair dealing as herein alleged, plaintiff has suffered general damages, and emotional distress damages.

    75.    As a further proximate result of the aforementioned wrongful conduct of defendants, plaintiff has suffered anxiety, worry, mental and emotional distress, general damages in a sum to be determined at the time of trial.

76.     As a further proximate result of the unreasonable and bad faith conduct of defendants, plaintiff was compelled to retain legal counsel to obtain the benefits due under the policy, therefore, defendants are liable to plaintiff for those attorney's fees, witness fees and costs of litigation reasonably necessary and incurred by plaintiff in order to obtain the benefits owed under the policy, in a sum to be determined at trial.

77.     Defendants' conduct as herein alleged was intended by the defendants to cause injury to plaintiff and or was despicable conduct carried out by the defendants with a willful and conscious disregard to the rights of plaintiff, and or subjected plaintiff to cruel and unjust hardship in conscious disregard of plaintiff's rights, and or was an intentional misrepresentation, deceit, or concealment of a material fact known to the defendants with the intention to deprive plaintiff, of property, his legal rights or otherwise cause injury such as to constitute malice, oppression or fraud, thereby entitling plaintiff to punitive damages in an amount appropriate to punish or set an example of all the defendants.

78.     Defendants' conduct described herein was undertaken by the officers or managing agents of defendant NATIONAL UNION who were responsible for or participated in marketing, underwriting and claims communications and decisions. The aforesaid conduct of said managing agents and individuals was therefore undertaken on behalf of the corporate defendant. The corporate defendant further had advance knowledge of the actions and conduct of said individuals whose actions and conduct were ratified, authorized and approved by managing agents, whose precise identities are unknown to plaintiff at this time.

## PRAYER

WHEREFORE, plaintiff HALL prays as follows:

For the First Cause of Action:

1.     That the Court enter judgment declaring Miles Hall's right to the full one million dollar combined single limit of liability of occupational accident coverage including accidental death,

2.     For costs of suit;

3.     And such other relief as the Court deems just and proper.

/ / /

1      For the Second Cause of Action as to National Union, Associated Underwriters, and United

2  Truckers Association:

3      1.    Compensatory damages according to proof;

4      2.    Pre-judgment interest at the legal rate;

5      3.    Punitive damages according to proof.

6      4.    Attorneys fees and costs;

7      5.    And such other relief as the Court deems just and proper.

8      For the Third Cause of Action as to National Union, Associated Underwriters, and United

9  Truckers Association:

10      1.    Compensatory damages according to proof;

11      2.    Pre-judgment interest;

12      3.    Attorneys fees and costs;

13      4.    And such other relief as the Court deems just and proper.

14      For the Fourth Cause of Action as to Associated Underwriters and National Union:

15      1.    An injunction to enjoin defendants from continuing the unlawful conduct set forth in

16  this complaint;

17      2.    An award of attorneys fees upon prevailing on the request for injunctive relief;

18      3.    And such other relief as the Court deems just and proper.

19      For the Fifth Cause of Action as to National Union:

20      1.    Compensatory damages according to proof;

21      2.    Pre-judgment interest;

22      3.    Attorneys fees and costs;

23      4.    And such other relief as the Court deems just and proper.

24      For the Sixth Cause of Action as to National Union:

25      1.    Compensatory damages according to proof;

26      2.    Pre-judgment interest;

27      3.    Attorneys fees and costs;

28      4.    Punitive damages according to proof;

1
    5.    And such other relief as the Court deems just and proper.

2

3  Dated: June 2, 2008            MUNRO SMIGLIANI & JORDAN, LLP

4

5            By:

6                  R. Michael Jordan, Esq.

7                 Michael Marchesini
                  Attorneys for Plaintiff Miles Hall

13
COMPLAINT

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| R. Michael Jordan, Esq. / Michael D. Marchesini, Esq. (State Bar # 108000 / 190558)<br>Munro Smigliani & Jordan, LLP<br>655 West Broadway, Suite 840, San Diego, CA 92101-8482<br>TELEPHONE NO: (619) 237-5400    FAX NO: (619) 237-5400 | FILED<br>CIVIL BUSINESS OFFICE 15<br><br>2008 JUN -2 P 4: 26<br><br>CLERK SUPERIOR COURT |
| ATTORNEY FOR (Name): Miles Hall, Plaintiff | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO
STREET ADDRESS: 330 West Broadway
MAILING ADDRESS:
CITY AND ZIP CODE: San Diego 92101
BRANCH NAME: Central Division, Hall of Justice

CASE NAME:
Miles Hall v. National Union Fire Insurace Co. of Pittsburgh, PA, et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [X] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter    [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | 37-2008-00084925-CU-IC-CTL |
| | | | | JUDGE: |
| | | | | DEPT: |

Items 1–5 below must be completed (see instructions on page 2).

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | (Cal. Rules of Court, rules 3.400–3.403) |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Antitrust/Trade regulation (03) |
| Other PI/PD/WD (Personal Injury/Property | [ ] Other collections (09) | [ ] Construction defect (10) |
| Damage/Wrongful Death) Tort | [X] Insurance coverage (18) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Other contract (37) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | Real Property | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | [ ] Eminent domain/Inverse | [ ] Insurance coverage claims arising from the |
| [ ] Other PI/PD/WD (23) | condemnation (14) | above listed provisionally complex case |
| Non-PI/PD/WD (Other) Tort | [ ] Wrongful eviction (33) | types (41) |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | Enforcement of Judgment |
| [ ] Civil rights (08) | Unlawful Detainer | [ ] Enforcement of judgment (20) |
| [ ] Defamation (13) | [ ] Commercial (31) | Miscellaneous Civil Complaint |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] RICO (27) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | [ ] Other complaint (not specified above) (42) |
| [ ] Professional negligence (25) | Judicial Review | Miscellaneous Civil Petition |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Partnership and corporate governance (21) |
| Employment | [ ] Petition re: arbitration award (11) | [ ] Other petition (not specified above) (43) |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [ ] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [ ] is  [ ] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties       d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel     e. [ ] Coordination with related actions pending in one or more courts
        issues that will be time-consuming to resolve                in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence         f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [X] monetary  b. [ ] nonmonetary; declaratory or injunctive relief  c. [X] punitive
4. Number of causes of action (specify): SIX (6)
5. This case [ ] is  [X] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related cases. (You may use form CM-015.)

Date: June 2, 2008

R. Michael Jordan, Esq. / Michael D. Marchesini, Esq.
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

CIVIL CASE COVER SHEET

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov
LexisNexis® Automated California Judicial Council Forms

INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

CM-010

To Plaintiffs and Others Filing First Papers.  If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1.  This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below.  A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

To Parties in Rule 3.740 Collections Cases.  A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment.  The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading.  A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

To Parties in Complex Cases.  In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
Uninsured Motorist (46) (if the
    case involves an uninsured
    motorist claim subject to
    arbitration, check this item
    instead of Auto)

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
        Wrongful Death
Product Liability (not asbestos or
    toxic/environmental) (24)
Medical Malpractice (45)
    Medical Malpractice–
        Physicians & Surgeons
    Other Professional Health Care
        Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip
        and fall)
    Intentional Bodily Injury/PD/WD
        (e.g., assault, vandalism)
    Intentional Infliction of
        Emotional Distress
    Negligent Infliction of
        Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
    Practice (07)
Civil Rights (e.g., discrimination,
    false arrest) (not civil
    harassment) (08)
Defamation (e.g., slander, libel)
    (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
        (not medical or legal)
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease
        Contract (not unlawful detainer
            or wrongful eviction)
    Contract/Warranty Breach–Seller
        Plaintiff (not fraud or negligence)
    Negligent Breach of Contract/
        Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
        Case
Insurance Coverage (not provisionally
    complex) (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
    Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property (not eminent
        domain, landlord/tenant, or
        foreclosure)

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) (if the case involves illegal
    drugs, check this item; otherwise,
    report as Commercial or Residential)

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
        Case Matter
    Writ–Other Limited Court Case
        Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
        Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
    (arising from provisionally complex
    case type listed above) (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment (Out of
        County)
    Confession of Judgment (non-
        domestic relations)
    Sister State Judgment
    Administrative Agency Award
        (not unpaid taxes)
    Petition/Certification of Entry of
        Judgment on Unpaid Taxes
    Other Enforcement of Judgment
        Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint (not specified
    above) (42)
    Declaratory Relief Only
    Injunctive Relief Only (non-
        harassment)
    Mechanics Lien
    Other Commercial Complaint
        Case (non-tort/non-complex)
    Other Civil Complaint
        (non-tort/non-complex)

**Miscellaneous Civil Petition**
Partnership and Corporate
    Governance (21)
Other Petition (not specified
    above) (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
        Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
        Claim
    Other Civil Petition

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

CASE NUMBER: 37-2008-00084925-CU-IC-CTL    CASE TITLE: Hall vs. National Union Fire Insurance Co of Pittsburgh PA

### NOTICE TO LITIGANTS/ADR INFORMATION PACKAGE

You are required to serve a copy of this Notice to Litigants/ADR Information Package and a copy of the blank Stipulation to Alternative Dispute Resolution Process (received from the Civil Business Office at the time of filing) with a copy of the Summons and Complaint on all defendants in accordance with San Diego Superior Court Rule 2.1.5, Division II and CRC Rule 201.9.

### ADR POLICY

It is the policy of the San Diego Superior Court to strongly support the use of Alternative Dispute Resolution ("ADR") in all general civil cases. The court has long recognized the value of early case management intervention and the use of alternative dispute resolution options for amenable and eligible cases. The use of ADR will be discussed at all Case Management Conferences. It is the court's expectation that litigants will utilize some form of ADR – i.e. the court's mediation or arbitration programs or other available private ADR options as a mechanism for case settlement before trial.

### ADR OPTIONS

1) CIVIL MEDIATION PROGRAM: The San Diego Superior Court Civil Mediation Program is designed to assist parties with the early resolution of their dispute. All general civil independent calendar cases, including construction defect, complex and eminent domain cases are eligible to participant in the program. Limited civil collection cases are not eligible at this time. San Diego Superior Court Local Rule 2.31, Division II addresses this program specifically. Mediation is a non-binding process in which a trained mediator 1) facilitates communication between disputants, and 2) assists parties in reaching a mutually acceptable resolution of all or part of their dispute. In this process, the mediator carefully explores not only the relevant evidence and law, but also the parties' underlying interests, needs and priorities. The mediator is not the decision-maker and will not resolve the dispute – the parties do. Mediation is a flexible, informal and confidential process that is less stressful than a formalized trial. It can also save time and money, allow for greater client participation and allow for more flexibility in creating a resolution.

Assignment to Mediation, Cost and Timelines: Parties may stipulate to mediation at any time up to the CMC or may stipulate to mediation at the CMC. Mediator fees and expenses are split equally by the parties, unless otherwise agreed. Mediators on the court's approved panel have agreed to the court's payment schedule for county-referred mediation: $150.00 per hour for each of the first two hours and their individual rate per hour thereafter. Parties may select any mediator, however, the court maintains a panel of court-approved mediators who have satisfied panel requirements and who must adhere to ethical standards. All court-approved mediator fees and other policies are listed in the Mediator Directory at each court location to assist parties with selection. Discovery: Parties do not need to conduct full discovery in the case before mediation is considered, utilized or referred. Attendance at Mediation: Trial counsel, parties and all persons with full authority to settle the case must personally attend the mediation, unless excused by the court for good cause.

2) JUDICIAL ARBITRATION: Judicial Arbitration is a binding or non-binding process where an arbitrator applies the law to the facts of the case and issues an award. The goal of judicial arbitration is to provide parties with an adjudication that is earlier, faster, less formal and less expensive than trial. The arbitrator's award may either become the judgment in the case if all parties accept or if no trial de novo is requested within the required time. Either party may reject the award and request a trial de novo before the assigned judge if the arbitration was non-binding. If a trial de novo is requested, the trial will usually be scheduled within a year of the filing date.

Assignment to Arbitration, Cost and Timelines: Parties may stipulate to binding or non-binding judicial arbitration or the judge may order the matter to arbitration at the case management conference, held approximately 150 days after filing, if a case is valued at under $50,000 and is "at issue". The court maintains a panel of approved judicial arbitrators who have practiced law for a minimum of five years and who have a certain amount of trial and/or arbitration experience. In addition, if parties select an arbitrator from the court's panel, the court will pay the arbitrator's fees. Superior Court

**3) SETTLEMENT CONFERENCES:** The goal of a settlement conference is to assist the parties in their efforts to negotiate a settlement of all or part of the dispute. Parties may, at any time, request a settlement conference before the judge assigned to their case; request another assigned judge or a pro tem to act as settlement officer; or may privately utilize the services of a retired judge. The court may also order a case to a mandatory settlement conference prior to trial before the court's assigned Settlement Conference judge.

**4) OTHER VOLUNTARY ADR:** Parties may voluntarily stipulate to private ADR options outside the court system including private binding arbitration, private early neutral evaluation or private judging at any time by completing the "Stipulation to Alternative Dispute Resolution Process" which is included in this ADR package. Parties may also utilize mediation services offered by programs that are partially funded by the county's Dispute Resolution Programs Act. These services are available at no cost or on a sliding scale based on need. For a list of approved DRPA providers, please contact the County's DRPA program office at (619) 238-2400.

**ADDITIONAL ADR INFORMATION:** For more information about the Civil Mediation Program, please contact the Civil Mediation Department at (619) 515-8908. For more information about the Judicial Arbitration Program, please contact the Arbitration Office at (619) 531-3818. For more information about Settlement Conferences, please contact the Independent Calendar department to which your case is assigned. Please note that staff can only discuss ADR options and cannot give legal advice.

SDSC CIV-730 (Rev 12-06)

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | FOR COURT USE ONLY |
|---|---|
| STREET ADDRESS:       330 West Broadway | |
| MAILING ADDRESS:    330 West Broadway | |
| CITY, STATE, & ZIP CODE: San Diego, CA 92101-3827 | |
| BRANCH NAME:       Central | |
| PLAINTIFF(S):    Miles Hall | |
| DEFENDANT(S): National Union Fire Insurance Co of Pittsburgh PA et.al. | |
| SHORT TITLE:   HALL VS. NATIONAL UNION FIRE INSURANCE CO OF PITTSBURGH PA | |

| STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION PROCESS (CRC 3.221) | CASE NUMBER: 37-2008-00084925-CU-IC-CTL |
|---|---|

Judge: David B. Oberholtzer                    Department: C-67

The parties and their attorneys stipulate that the matter is at issue and the claims in this action shall be submitted to the following alternative dispute resolution process. Selection of any of these options will not delay any case management time-lines.

☐ Court-Referred Mediation Program            ☐ Court-Ordered Nonbinding Arbitration

☐ Private Neutral Evaluation                  ☐ Court-Ordered Binding Arbitration (Stipulated)

☐ Private Mini-Trial                          ☐ Private Reference to General Referee

☐ Private Summary Jury Trial                  ☐ Private Reference to Judge

☐ Private Settlement Conference with Private Neutral    ☐ Private Binding Arbitration

☐ Other (specify): _____

It is also stipulated that the following shall serve as arbitrator, mediator or other neutral: (Name) _____

_____

_____

Alternate: (mediation & arbitration only) _____

Date: _____          Date: _____

Name of Plaintiff                            Name of Defendant

Signature                                    Signature

Name of Plaintiff's Attorney                 Name of Defendant's Attorney

Signature                                    Signature

(Attach another sheet if additional names are necessary). It is the duty of the parties to notify the court of any settlement pursuant to California Rules of Court, 3.1385. Upon notification of the settlement the court will place this matter on a 45-day dismissal calendar.

No new parties may be added without leave of court and all un-served, non-appearing by names parties are dismissed.

IT IS SO ORDERED.

Dated: 06/02/2008

_____
JUDGE OF THE SUPERIOR COURT

SDSC CIV-359 (Rev 01-07)        STIPULATION TO USE OF ALTERNATIVE DISPUTE RESOLUTION        Page: 1

3

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | |
| --- | --- |
| STREET ADDRESS:    330 West Broadway | |
| MAILING ADDRESS:    330 West Broadway | |
| CITY AND ZIP CODE:    San Diego, CA 92101 | |
| BRANCH NAME:    Central | |
| TELEPHONE NUMBER: (619) 685-6042 | |
| PLAINTIFF(S) / PETITIONER(S):    Miles Hall | |
| DEFENDANT(S) / RESPONDENT(S):  National Union Fire Insurance Co of Pittsburgh PA et.al. | |
| HALL VS. NATIONAL UNION FIRE INSURANCE CO OF PITTSBURGH PA | |
| NOTICE OF CASE ASSIGNMENT | CASE NUMBER: 37-2008-00084925-CU-IC-CTL |

Judge:  David B. Oberholtzer                                    Department: C-67

COMPLAINT/PETITION FILED: 06/02/2008

## CASES ASSIGNED TO THE PROBATE DIVISION ARE NOT REQUIRED TO COMPLY WITH THE CIVIL REQUIREMENTS LISTED BELOW

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT).

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

TIME STANDARDS: The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time. General civil consists of all cases except: Small claims appeals, petitions, and unlawful detainers.

COMPLAINTS: Complaints must be served on all named defendants, and a CERTIFICATE OF SERVICE (SDSC CIV-345) filed within 60 days of filing. This is a mandatory document and may not be substituted by the filing of any other document.

DEFENDANT'S APPEARANCE: Defendant must generally appear within 30 days of service of the complaint. (Plaintiff may stipulate to no more than a 15 day extension which must be in writing and filed with the Court.)

DEFAULT: If the defendant has not generally appeared and no extension has been granted, the plaintiff must request default within 45 days of the filing of the Certificate of Service.

THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO LITIGATION, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE. MEDIATION SERVICES ARE AVAILABLE UNDER THE DISPUTE RESOLUTION PROGRAMS ACT AND OTHER PROVIDERS. SEE ADR INFORMATION PACKET AND STIPULATION.

YOU MAY ALSO BE ORDERED TO PARTICIPATE IN ARBITRATION PURSUANT TO CCP 1141.10 AT THE CASE MANAGEMENT CONFERENCE. THE FEE FOR THESE SERVICES WILL BE PAID BY THE COURT IF ALL PARTIES HAVE APPEARED IN THE CASE AND THE COURT ORDERS THE CASE TO ARBITRATION PURSUANT TO CCP 1141.10. THE CASE MANAGEMENT CONFERENCE WILL BE CANCELLED IF YOU FILE FORM SDSC CIV-359 PRIOR TO THAT HEARING

# EXHIBIT "B"

Attorney or Party without Attorney:
R. MICHAEL JORDAN, ESQ., Bar #108000
MUNRO, SMIGLIANI & JORDAN, LLP
655 WEST BROADWAY
SUITE 840
SAN DIEGO, CA 92101
Telephone No: 619-237-5400      FAX No: 619-238-5597

Ref. No. or File No.:

For Court Use Only

Attorney for: Plaintiff

Insert name of Court, and Judicial District and Branch Court:
SAN DIEGO COUNTY SUPERIOR COURT, HALL OF JUSTICE

Plaintiff: MILES HALL

Defendant: NATIONAL UNION FIRE INSURANCE CO. OF PITTSBURGH, PA

| **PROOF OF SERVICE SUMMONS & COMPLAINT** | Hearing Date: | Time: | Dept/Div: | Case Number: 37-2008-00084925-CU-IC-CTL |
|---|---|---|---|---|

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of the SUMMONS; COMPLAINT; CIVIL CASE COVER SHEET; NOTICE TO LITIGANTS/ADR INFORMATION PACKAGE; STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION PROCESS ( CRC 3.221)( BLANK); NOTICE OF CASE ASSIGNMENT.

3. a. Party served:

   b. Person served:

   NATIONAL UNION FIRE INSURANCE CO. OF PITTSBURGH, PA, A CORPORATION
   BECKY DEGEORGE, CSC LAWYERS INCORPORATING SERVICE, REGISTERED AGENT.

4. Address where the party was served:

   2730 GATEWAY OAKS DRIVE
   SUITE 100
   SACRAMENTO, CA 95833

5. I served the party:
   a. by personal service. I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on: Tue., Jun. 10, 2008 (2) at: 9:25AM

6. The "Notice to the Person Served" (on the Summons) was completed as follows:
   on behalf of: NATIONAL UNION FIRE INSURANCE CO. OF PITTSBURGH, PA, A CORPORATION
   Under CCP 416.10 (corporation)

7. Person Who Served Papers:
   a. MICHAEL MORRIS

   First Legal Support Services ℠
   ATTORNEY SERVICES
   1814 "I" STREET
   Sacramento, CA 95814
   (916) 444-5111, FAX 443-3111

   Recoverable Cost Per CCP 1033.5(a)(4)(B)
   d. The Fee for Service was: $129 25
   e. I am: (3) registered California process server
      (i) Independent Contractor
      (ii) Registration No.: 04-009
      (iii) County: Sacramento
      (iv) Expiration Date: Wed, Jul. 30, 2008

8. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

   Date: Tue, Jun. 10, 2008

   Judicial Council Form POS-010
   Rule 2.150.(a)&(b) Rev January 1, 2007

   PROOF OF SERVICE
   SUMMONS & COMPLAINT

   (MICHAEL MORRIS)
   930520.micjor.138584

%JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

FILED

2008 JUL -3 PM 12

BY FAX

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| MILES HALL | NATIONAL UNION FIRE INS. CO. OF PITTSBURGH, PA, ASSOCIATED UNDERWRITERS, UNITED TRUCKERS |
| (b) County of Residence of First Listed Plaintiff   San Diego<br>(EXCEPT IN U.S. PLAINTIFF CASES) | County of Residence of First Listed Defendant<br>(IN U.S. PLAINTIFF CASES ONLY)<br>NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE<br>LAND INVOLVED. |
| (c) Attorney's (Firm Name, Address, and Telephone Number)<br>R. Michael Jordan, Munro Smigliani & Jordan, 655 West Broadway, Suite 840, San Diego, CA  92101 | Attorneys (If Known)<br>Susan J. Gill, Blick, Gill & Rhoades, 5473 Kearny Villa Road, Suite 270, San Diego, CA  92123 (858) 712-9222 |

'08 CV 1195 JLS LSP

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff
☐ 2  U.S. Government Defendant
☐ 3  Federal Question (U.S. Government Not a Party)
☒ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☒ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | PERSONAL INJURY<br>☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers' Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury | PERSONAL INJURY<br>☐ 362 Personal Injury - Med. Malpractice<br>☐ 365 Personal Injury - Product Liability<br>☐ 368 Asbestos Personal Injury Product Liability<br>PERSONAL PROPERTY<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | ☐ 610 Agriculture<br>☐ 620 Other Food & Drug<br>☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 630 Liquor Laws<br>☐ 640 R.R. & Truck<br>☐ 650 Airline Regs.<br>☐ 660 Occupational Safety/Health<br>☐ 690 Other | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br>PROPERTY RIGHTS<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark | ☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Sat TV<br>☐ 810 Selective Service<br>☐ 850 Securities/Commodities/ Exchange<br>☐ 875 Customer Challenge 12 USC 3410<br>☐ 890 Other Statutory Actions<br>☐ 891 Agricultural Acts |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | LABOR | SOCIAL SECURITY | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | ☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/ Accommodations<br>☐ 444 Welfare<br>☐ 445 Amer. w/Disabilities - Employment<br>☐ 446 Amer. w/Disabilities - Other<br>☐ 440 Other Civil Rights | ☐ 510 Motions to Vacate Sentence<br>Habeas Corpus:<br>☐ 530 General<br>☐ 535 Death Penalty<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition | ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt.Reporting & Disclosure Act<br>☐ 740 Railway Labor Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act<br>IMMIGRATION<br>☐ 462 Naturalization Application<br>☐ 463 Habeas Corpus - Alien Detainee<br>☐ 465 Other Immigration Actions | ☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g))<br>FEDERAL TAX SUITS<br>☐ 870 Taxes (U.S. Plaintiff or Defendant)<br>☐ 871 IRS—Third Party 26 USC 7609 | ☐ 893 Environmental Matters<br>☐ 894 Energy Allocation Act<br>☐ 895 Freedom of Information Act<br>☐ 900 Appeal of Fee Determination Under Equal Access to Justice<br>☐ 950 Constitutionality of State Statutes |

## V. ORIGIN (Place an "X" in One Box Only)

☐ 1 Original Proceeding
☒ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Diversity - 28 U.S.C. Section 1332, 1441
Brief description of cause:
Insurance dispute involving policy benefits

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions)
JUDGE
DOCKET NUMBER

DATE  7-3-08

SIGNATURE OF ATTORNEY OF RECORD  Susan Gill

FOR OFFICE USE ONLY

RECEIPT #  152672   AMOUNT  $350   APPLYING IFP   JUDGE   MAG. JUDGE

JAC  7/3/08

UNITED STATES
DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

# 152622    - TC

July 03, 2008
12:20:50

Civ Fil Non-Pris
USAO #.: 08CV1195
Judge..: JANIS L. SAMMARTINO
Amount.:                    $350.00 CK
Check#.: BC3027168


Total-> $350.00


FROM: MILES HALL
        VS
        NATIONAL UNION FIRE INSURANCE