1  Judith A. Blick, Bar No. 105479
   Susan J. Gill, Bar No. 131890
2  Kevin J. McConville, Bar No. 149669
   **BLICK, GILL & RHOADES**
3  5473 Kearny Villa Road, Suite 270
   San Diego, CA 92123
4  Tele: (858) 712-9222
   Fax:  (858) 712-9333
5  sgill@coveragecounsel.com

6  Attorneys for Defendants, NATIONAL UNION FIRE
   INSURANCE CO. OF PITTSBURGH, PA, ASSOCIATED
7  UNDERWRITERS, UNITED TRUCKERS ASSOCIATION

8              **UNITED STATES DISTRICT COURT**

9        **FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

10  MILES HALL,                          CASE NO. 08 CV1195 JLS LSP

11        Plaintiff,                     **ANSWER TO COMPLAINT**

12  v.

13  NATIONAL UNION FIRE
    INSURANCE CO. OF PITTSBURGH,
14  PA, a corporation; ASSOCIATED
    UNDERWRITERS; UNITED
15  TRUCKERS ASSOCIATION; and
    DOES 1 through 100, inclusive,
16
17        Defendant.

18        **COMES NOW** Defendants NATIONAL UNION FIRE INSURANCE CO. OF

19  PITTSBURGH, PA, ASSOCIATED UNDERWRITERS AND UNITED TRUCKERS

20  ASSOCIATION (hereinafter collectively referred to as the "DEFENDANTS"),

21  severing themselves from all other Defendants answering the Complaint as follows:

22  DEFENDANTS specifically deny that DEFENDANTS have unreasonably failed to

23  remit the required policy benefits in full, or any at all; and DEFENDANTS further deny

24  for lack of information and belief that Plaintiffs have incurred any damages, or have

25  any policy rights that have not been fully fulfilled.

26        DEFENDANTS further deny, admit and respond to the Complaint, as follows:

27        1.    Answering paragraph 1 of the Complaint, DEFENDANTS admit the

28  allegations contained in this paragraph.

1

**ANSWER TO COMPLAINT**

2.     Answering paragraph 2 of the Complaint, DEFENDANTS admit Defendant National Union Fire Insurance Company of Pittsburgh, is an admitted California insurer, subject to applicable regulatory authorities and a subsidiary of the American International Group. DEFENDANTS affirmatively aver that National Union Fire Insurance Company of Pittsburgh, is a foreign business corporate entity, incorporated under the laws of the Commonwealth of Pennsylvania, with its principal office and place of business located in the State of New York and not located in San Diego, California. DEFENDANTS deny Defendant Associated Underwriters is a managing general agent of National Union, and specifically deny all agency allegations. DEFENDANTS admit that Defendant United Truckers Association is a trucking association. DEFENDANTS deny each and every remaining allegation contained in this paragraph.

3.     Answering paragraph 3 of the Complaint, DEFENDANTS lack information and belief as to the Doe allegations, and therefore deny the allegations. DEFENDANTS affirmatively aver that DOE Defendant allegations are not proper in Federal Court, and are properly ordered dismissed upon removal to Federal Court.

4.     Answering paragraph 4 of the Complaint, DEFENDANTS admit that Robert Hall enrolled as a member of an eligible class and became an Insured Person under a group policy of Truckers Occupational Accident Insurance in or around February 2007 with a Per Person Limit of Liability (Combined Single Limit) (all covered Losses with respect to any one Occupational accident) of $1,000,000. DEFENDANTS deny each and every remaining allegation contained in this paragraph.

5.     Answering paragraph 5 of the Complaint, DEFENDANTS deny each and every allegation contained in this paragraph.

6.     Answering paragraph 6 of the Complaint, DEFENDANTS are without sufficient knowledge or information to form a belief as to the truth of the allegations in

**ANSWER TO COMPLAINT**

1   said paragraph, and on that basis deny each and every allegation contained in paragraph
2   6.

3       7.    Answering paragraph 7 of the Complaint, on information and belief
4   DEFENDANTS admit that Robert Hall was killed in a truck accident on or around
5   March 6, 2007. DEFENDANTS deny each and every remaining allegation contained
6   in paragraph 7.

7       8.    Answering paragraph 8 of the Complaint, DEFENDANTS are without
8   sufficient knowledge or information to form a belief as to the truth of the allegations in
9   said paragraph, and on that basis deny each and every allegation contained in this
10  paragraph.

11      9.    Answering paragraph 9 of the Complaint, DEFENDANTS admit that on or
12  about May 31, 2007, DEFENDANTS received a letter from Plaintiff objecting to the
13  payment of policy benefits to Phyllis Benjamin. DEFENDANTS further admit, based
14  on information and belief that Phyllis Benjamin aka Phyllis Hall was the wife of the
15  deceased Robert Hall. DEFENDANTS are without sufficient knowledge or
16  information to form a belief as to the truth of the allegations contained in said
17  paragraph, and on that basis denies each and every allegation contained in paragraph 9.

18      10.   Answering paragraph 10 of the Complaint, DEFENDANTS admit that
19  Phyllis Benjamin aka Phyllis Hall was determined to be the surviving spouse of
20  deceased Robert Hall and entitled to the survivor benefit payable under policy number
21  TKR 9102718, with principal sum limits of $200,000. DEFENDANTS admit Plaintiff
22  was advised he was the designated beneficiary of the accidental death benefit under
23  policy number TKR 9102718, with principal sum limits of $50,000. DEFENDANTS
24  deny each and every allegation contained in this paragraph.

25      11.   Answering paragraph 11 of the Complaint, DEFENDANTS are without
26  sufficient knowledge or information to form a belief as to the truth of the allegations
27  contained in said paragraph, and on that basis deny each and every allegation contained
28  in this paragraph.

ANSWER TO COMPLAINT

12.    Answering paragraph 12 of the Complaint, DEFENDANTS incorporate by reference paragraphs 1-11, above, as though set forth in full herein.

13.    Answering paragraph 13 of the Complaint, DEFENDANTS are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in said paragraph, and on that basis deny each and every allegation contained in  paragraph 13.

14.    Answering paragraph 14 of the Complaint, DEFENDANTS deny each and every allegation contained in paragraph 14.

15.    Answering paragraph 15 of the Complaint, DEFENDANTS are without sufficient knowledge or information to form a belief as to the truth of the allegations in said paragraph, and on that basis deny each and every allegation contained in paragraph 15.

16.    Answering paragraph 16 of the Complaint, DEFENDANTS deny each and every allegation contained in paragraph 16.

17.    Answering paragraph 17 of the Complaint, DEFENDANTS incorporate by reference paragraphs 1-16, above, as though set forth in full herein.

18.    Answering paragraph 18 of the Complaint, DEFENDANTS deny each and every allegation contained in paragraph 18.

19.    Answering paragraph 19 of the Complaint, DEFENDANTS deny each and every allegation contained in paragraph 19.

20.    Answering paragraph 20 of the Complaint, DEFENDANTS admit that UNITED TRUCKER ASSOCIATION offers member benefits.  DEFENDANTS admit that the Texas offices of ASSOCIATED UNDERWRITERS and UNITED TRUCKERS ASSOCIATION are located at 305 Stewart Place and 309 Stewart Place, Harlington, Texas, respectively.  DEFENDANTS deny each and every remaining allegation contained in  paragraph 20.

21.    Answering paragraph 21 of the Complaint, DEFENDANTS admit that Defendant ASSOCIATED UNDERWRITERS is familiar with the financial

4

1  responsibility requirements of operators of commercial vehicles.  DEFENDANTS deny

2  each and every remaining allegation contained in paragraph 21.

3      22.    Answering paragraph 22 of the Complaint, DEFENDANTS deny each and

4  every allegation contained in paragraph 22.

5      23.    Answering paragraph 23 of the Complaint, DEFENDANTS admit that

6  policy number TRK9102718 has different benefit levels for different occupational

7  accident insurance coverage parts.  DEFENDANTS deny each and every remaining

8  allegation contained in paragraph 23

9      24.    Answering paragraph 24 of the Complaint, DEFENDANTS admit that the

10  occupational accident policy number TRK9102718 provides an accidental death

11  insurance principal sum of $50,000 to the designated beneficiary, and a Survivor's

12  Benefit principal sum of $200,000, payable in accordance with the terms and

13  limitations of the policy. DEFENDANTS deny each and every remaining allegation

14  contained in this paragraph, and specifically deny that any policy benefits have been

15  improperly paid.

16      25.    Answering paragraph 25 of the Complaint, DEFENDANTS deny each and

17  every allegation contained in paragraph 25.

18      26.    Answering paragraph 26 of the Complaint, DEFENDANTS deny each and

19  every allegation contained in paragraph 26.

20      27.    Answering paragraph 27 of the Complaint, DEFENDANTS deny each and

21  every allegation contained in paragraph 27.

22      28.    Answering paragraph 28 of the Complaint, DEFENDANTS deny each and

23  every allegation contained in this paragraph.

24      29.    Answering paragraph 29 of the Complaint, DEFENDANTS deny each and

25  every allegation contained in paragraph 29.

26      30.    Answering paragraph 30 of the Complaint, DEFENDANTS deny each and

27  every allegation contained in paragraph 30.

28

**ANSWER TO COMPLAINT**

31.    Answering paragraph 31 of the Complaint, DEFENDANTS deny each and every allegation contained in paragraph 31.

32.    Answering paragraph 32 of the Complaint, DEFENDANTS incorporate by reference paragraphs 1-31, above, as though set forth in full herein.

33.    Answering paragraph 33 of the Complaint, DEFENDANTS deny each and every allegation contained in paragraph 33.

34.    Answering paragraph 34 of the Complaint, DEFENDANTS deny each and every allegation contained in paragraph 34.

35.    Answering paragraph 35 of the Complaint, DEFENDANTS admit that UNITED TRUCKER ASSOCIATION offers member benefits.  DEFENDANTS admit that the Texas offices of ASSOCIATED UNDERWRITERS and UNITED TRUCKERS ASSOCIATION are located at 305 Stewart Place and 309 Stewart Place, Harlington, Texas, respectively.  DEFENDANTS deny each and every remaining allegation contained in paragraph 35.

36.    Answering paragraph 36 of the Complaint, DEFENDANTS admit that Defendant ASSOCIATED UNDERWRITERS is familiar with the financial responsibility requirements of operators of commercial vehicles. DEFENDANTS deny each and every remaining allegation contained in paragraph 36.

37.    Answering paragraph 37 of the Complaint, DEFENDANTS deny each and every allegation contained in paragraph 37.

38.    Answering paragraph 38 of the Complaint, DEFENDANTS admit that policy number TRK9102718 has differing levels of coverage for different coverage parts.  DEFENDANTS deny each and every remaining allegation contained in this paragraph 38

39.    Answering paragraph 39 of the Complaint, DEFENDANTS admit that the occupational accident policy number TRK9102718 provides an accidental death insurance principal sum of $50,000 to the designated beneficiary, and a Survivor's Benefit principal sum of $200,000, payable in accordance with the terms and

**ANSWER TO COMPLAINT**

limitations of the policy. DEFENDANTS deny each and every remaining allegation contained in this paragraph, and specifically deny that any policy benefits have been improperly paid.

40.     Answering paragraph 40 of the Complaint, DEFENDANTS deny each and every allegation contained in paragraph 40.

41.     Answering paragraph 41 of the Complaint, DEFENDANTS deny each and every allegation contained in paragraph 41.

42.     Answering paragraph 42 of the Complaint, DEFENDANTS deny each and every allegation contained in paragraph 42.

43.     Answering paragraph 43 of the Complaint, DEFENDANTS deny each and every allegation contained in this paragraph, and specifically deny any and all allegations that any material terms were not disclosed.

44.     Answering paragraph 44 of the Complaint, DEFENDANTS deny each and every allegation contained in paragraph 44.

45.     Answering paragraph 45 of the Complaint, DEFENDANTS deny each and every allegation contained in this paragraph and specifically deny that Plaintiff has incurred any damages.

46.     Answering paragraph 46 of the Complaint, DEFENDANTS incorporate by reference paragraphs 1-45, above, as though set forth in full herein.

47.     Answering paragraph 47 of the Complaint, DEFENDANTS deny each and every allegation contained in paragraph 47.

48.     Answering paragraph 48 of the Complaint, DEFENDANTS deny each and every allegation contained in paragraph 48.

49.     Answering paragraph 49 of the Complaint, DEFENDANTS deny each and every allegation contained in paragraph 49.

50.     Answering paragraph 50 of the Complaint, DEFENDANTS deny each and every allegation contained in paragraph 50.

**ANSWER TO COMPLAINT**

51.    Answering paragraph 51 of the Complaint, DEFENDANTS deny each and every allegation contained in paragraph 51.

52.    Answering paragraph 52 of the Complaint, DEFENDANTS admit that California law has certain requirements concerning language and policy terms. DEFENDANTS deny each and every remaining allegation contained in paragraph 52.

53.    Answering paragraph 53 of the Complaint, DEFENDANTS deny each and every allegation contained in paragraph 53.

54.    Answering paragraph 54 of the Complaint, DEFENDANTS understand Plaintiff incorporates paragraph 53 and DEFENDANTS deny each and every allegation contained in both paragraph 53 and paragraph 54.

55.    Answering paragraph 55 of the Complaint, DEFENDANTS understand Plaintiff incorporates paragraph 53 and DEFENDANTS deny each and every allegation contained in both paragraph 53 and paragraph 55.

56.    Answering paragraph 56 of the Complaint, DEFENDANTS understand Plaintiff incorporates paragraph 53 and DEFENDANTS deny each and every allegation contained in both paragraph 53 and paragraph 56.

57.    Answering paragraph 57 of the Complaint, DEFENDANTS understand Plaintiff incorporates paragraph 53 and DEFENDANTS deny each and every allegation contained in both paragraph 53 and paragraph 57.

58.    Answering paragraph 58 of the Complaint, DEFENDANTS understand Plaintiff incorporates paragraph 53 and DEFENDANTS deny each and every allegation contained in both paragraph 53 and paragraph 58.

59.    Answering paragraph 59 of the Complaint, DEFENDANTS deny each and every allegation contained in paragraph 59.

60.    Answering paragraph 60 of the Complaint, DEFENDANTS deny each and every allegation contained in paragraph 60.

ANSWER TO COMPLAINT

61.     Answering paragraph 61 of the Complaint, DEFENDANTS deny each and every allegation contained in this paragraph and specifically deny that there is any legal or factual basis for any injunctive relief.

62.     Answering paragraph 62 of the Complaint, DEFENDANTS incorporate by reference paragraphs 1-61, above, as though set forth in full herein.

63.     Answering paragraph 63 of the Complaint, DEFENDANTS deny each and every allegation contained in paragraph 63.

64.     Answering paragraph 64 of the Complaint, DEFENDANTS deny each and every allegation contained in paragraph 64.

65.     Answering paragraph 65 of the Complaint, DEFENDANTS deny each and every allegation contained in paragraph 65.

66.     Answering paragraph 66 of the Complaint, DEFENDANTS admit that premiums were paid for policy number TRK9102718.  DEFENDANTS further admit policy number TRK9102718 has policy conditions.  DEFENDANTS deny each and every allegation contained in this paragraph, and specifically deny that Plaintiff is entitled to survivor benefits under the policy.

67.     Answering paragraph 67 of the Complaint, DEFENDANTS deny each and every allegation contained in paragraph 67.

68.     Answering paragraph 68 of the Complaint, DEFENDANTS deny each and every allegation contained in this paragraph.

69.     Answering paragraph 69 of the Complaint, DEFENDANTS deny each and every allegation contained in paragraph 69.

70.     Answering paragraph 70 of the Complaint, DEFENDANTS incorporate by reference paragraphs 1-69, above, as though set forth in full herein.

71.     Answering paragraph 71 of the Complaint, DEFENDANTS deny each and every allegation contained in this paragraph, specifically including all subsections (A) through (I).

ANSWER TO COMPLAINT

72.    Answering paragraph 72 of the Complaint, DEFENDANTS admit that California law has certain requirements concerning language and policy terms. DEFENDANTS deny each and every remaining allegation contained in paragraph 72.

73.    Answering paragraph 73 of the Complaint, DEFENDANTS deny each and every allegation contained in paragraph 73.

74.    Answering paragraph 74 of the Complaint, DEFENDANTS deny each and every allegation contained in paragraph 74.

75.    Answering paragraph 75 of the Complaint, DEFENDANTS deny each and every allegation contained in paragraph 75.

76.    Answering paragraph 76 of the Complaint, DEFENDANTS deny each and every allegation contained in paragraph 76.

77.    Answering paragraph 77 of the Complaint, DEFENDANTS deny each and every allegation contained in paragraph 77.

78.    Answering paragraph 78 of the Complaint, DEFENDANTS deny each and every allegation contained in paragraph.

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim For Relief)

1.    DEFENDANTS allege that the Complaint fails to state facts sufficient to state a claim for relief.

## SECOND AFFIRMATIVE DEFENSE

### (Laches)

2.    DEFENDANTS allege that the Complaint is barred by one or more of the equitable doctrines, including but not limited to, the doctrine of laches.

## THIRD AFFIRMATIVE DEFENSE

### (Unclean Hands)

3.    DEFENDANTS allege that the Complaint, and each and every purported claim for relief is barred by Plaintiff's unclean hands.

/ / /

10

**ANSWER TO COMPLAINT**

## FOURTH AFFIRMATIVE DEFENSE

### (Estoppel)

4.    DEFENDANTS allege that Plaintiff is estopped by reason of his conduct, action or inaction, from asserting each and every claim for relief contained in the Complaint.

## FIFTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

5.    DEFENDANTS allege that the Plaintiff has failed to mitigate his damages, if any, which DEFENDANTS specifically deny exist, which must be reduced, diminished or defeated by such amounts as should have been mitigated.

## SIXTH AFFIRMATIVE DEFENSE

### (Waiver)

6.    DEFENDANTS allege that the Plaintiff is barred from seeking recovery by reason of the doctrine of waiver.

## SEVENTH AFFIRMATIVE DEFENSE

### (Lack of Performance)

7.    DEFENDANTS allege that Plaintiff has not performed all the conditions, covenants and promises pursuant to the policy at issue.

## EIGHTH AFFIRMATIVE DEFENSE

### (Oppression, Malice or Fraud)

8.    DEFENDANTS allege that the Complaint, and each and every purported count alleged therein, fails to state particular facts sufficient to allege oppression, malice or fraud on the part of DEFENDANTS, and therefore, fails to state a claim for relief sufficient to recover punitive or exemplary damages under California law.

## NINTH AFFIRMATIVE DEFENSE

### (Reasonableness of Conduct)

9.    DEFENDANTS' conduct was at all times reasonable, and not tortious.

/ / /

### TENTH AFFIRMATIVE DEFENSE

(Claim Barred by Terms of Policy)

10.    Plaintiff's claims for relief are barred or restricted by the terms, conditions, limitations and/or exclusions in the policy placed at issue.

### ELEVENTH AFFIRMATIVE DEFENSE

(Punitive Damages)

11.    Plaintiff is not entitled to recover punitive damages as such recovery would violate DEFENDANTS' due process rights under the California Constitution, the Fifth Amendment to the U.S. Constitution, the Fourteenth Amendment to the U.S. Constitution and/or the Equal Protection Clause.

### TWELFTH AFFIRMATIVE DEFENSE

(Genuine Dispute Doctrine)

12.    Plaintiff's claims for relief are barred by the genuine dispute doctrine as genuine issues of fact and/or law exist, as to whether Plaintiff is entitled to benefits under the policy, and therefore, DEFENDANTS can have no liability for breach of the implied covenant of good faith and fair dealing.

### THIRTEENTH AFFIRMATIVE DEFENSE

(Breach of Cooperation)

13.    Plaintiff has breached the implied covenant of good faith and fair dealings and the policy cooperation provisions by failing to produce requested information and cooperate in claims handling, thereby barring the instant claims in whole, or in part.

### FOURTEENTH AFFIRMATIVE DEFENSE

(Additional Affirmative Defenses)

14.    DEFENDANTS are informed and believe and thereon allege that other and further currently unknown affirmative defenses exist that bar the claims for relief in whole or in part, subject to proof at time of trial, or by amendment.

/ / /

ANSWER TO COMPLAINT

## FIFTEENTH AFFIRMATIVE DEFENSE

(Failure to State a Recovery Basis for Relief)

15.    DEFENDANTS are informed and believe and thereon allege that Plaintiff's claim for relief under the Fourth Claim for Relief for Unfair Business Practices, is barred by the failure to allege facts sufficient to support any recoverable basis for relief under the applicable statutory provisions.

## SIXTEENTH AFFIRMATIVE DEFENSE

(Accord and Satisfaction)

16.    DEFENDANTS are informed and believe and thereon allege that Plaintiff's claim for relief are barred by the doctrine of Accord and Satisfaction and/or prior payment of policy benefits.

**WHEREFORE**, DEFENDANTS pray for judgment as follows:

1.    That Plaintiff take nothing by reason of the Complaint:

2.    That judgment be entered in favor of DEFENDANTS;

3.    For a declaration that DEFENDANTS, and each of them, have no liability to Plaintiff for the damages alleged herein;

4.    For attorneys fees and costs of suit incurred herein; and

5.    For such other and further relief the Court deems just and proper.

## DEMAND FOR JURY TRIAL

DEFENDANTS hereby demand a trial by jury pursuant to Rule 38(b) of the *Federal Rules of Civil Procedure.*


Date: July 10, 2008                    BLICK, GILL & RHOADES

By: _____
Susan J. Gill,
Attorneys for Defendants, NATIONAL
UNION FIRE INSURANCE CO. OF
PITTSBURGH, PA, ASSOCIATED
UNDERWRITERS, UNITED
TRUCKERS ASSOCIATION

ANSWER TO COMPLAINT

## PROOF OF SERVICE

### HALL v. NATIONAL UNION FIRE INS. CO.
**United States District Court - Southern District of California**
**Case No. 08 CV1195 JLS LSP**

I, the undersigned, certify and declare that I am a resident of the United States, over 18 years of age and am not a party to the within action. My business address is 5473 Kearny Villa Road, Suite 150, San Diego, CA 92123.

On July 11, 2008, I served the foregoing document described as:

**ANSWER TO COMPLAINT**

by providing a true and correct copy of the aforementioned document(s) on the interested parties in this action identified as follows and by the means designated below:

R. Michael Jordan
Michael Marchesini
Munro Smigliani & Jordon LLP
655 West Broadway, Suite 840
San Diego, CA 92101
Tel: (619) 237-5400
Fax: (619) 238-5597
*Attorneys for Plaintiff MILES HALL*

[ ]    **BY FAX** – I personally served a true and correct copy of the above-described document(s) via facsimile to the facsimile number(s) noted above on the date ascribed below. The transmission was reported as complete without error. A copy of the transmission report is attached hereto, properly issued by the transmitting facsimile machine. I am aware that service made in this manner is not effective if it is learned that the attempted service did not reach the persons to be served [FRCP 5(b)(3)].

[ ]    **BY EMAIL** – Pursuant to Federal Rules of Civil Procedure, Rule 5(b)(2)(D), I personally transmitted to the addressees' electronic mail address a true and correct copy of the above-described document(s). I am aware that service made in this manner is not effective if it is learned that the attempted service did not reach the persons to be served [FRCP 5(b)(3)].

[X]    **BY MAIL** – By placing a true and correct copy of the aforementioned document(s) in a sealed envelope, correctly addressed to the recipient(s) with postage thereon fully prepaid at San Diego, California, in the ordinary course of business. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the United States postal service on that same day.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on July 11, 2008 at San Diego, California.

Nadine Hicks

1