1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MILES HALL , | CASE NO. 08cv1195 JLS (LSP) |
| Plaintiff, | **ORDER (1) GRANTING DEFENDANTS' MOTION TO DISMISS THE FOURTH AND FIFTH CAUSE OF ACTION OF THE FAC; (2) DENYING DEFENDANTS' MOTION TO DISMISS THE SIXTH CAUSE OF ACTION OF THE FAC; (3) DENYING DEFENDANTS' MOTION TO STRIKE** |
| vs. | |
| NATIONAL UNION FIRE INSURANCE CO. OF PITTSBURGH, PA, a corporation; ASSOCIATED UNDERWRITERS; UNITED TRUCKERS ASSOCIATION; and DOES 1 through 100, inclusive, | |
| Defendant. | |

Plaintiffs filed a First Amended Complaint ("FAC") on April 20, 2009.  Defendants now move the Court to dismiss the Fourth, Fifth and Sixth causes of action of the FAC pursuant to FRCP 12 (b)(6) for failure to state a claim.  Defendants' also move to strike portions of the FAC pursuant to FRCP 12(f).  For the reasons stated below, the Court **GRANTS** defendants' motion to dismiss the fourth and fifth causes of action of the FAC **WITHOUT PREJUDICE.**  The Court **DENIES** defendants' motion to dismiss the sixth cause of action of the FAC.  The Court further **DENIES** defendants' motion to strike.

## BACKGROUND

On February 15, 2007, Robert Hall applied for an occupational accident insurance policy

using a form provided by Associated Underwriters, an insurance broker for the trucking industry, allegedly creating a temporary policy of insurance. (FAC ¶ 10 & Ex. 1.) Miles Hall ("plaintiff"), Robert Hall's son, was designated as the sole beneficiary of the policy. (*Id.*) A few weeks later, on March 6, 2007, Robert Hall died in a trucking accident, and Plaintiff applied for the insurance benefits under the policy of temporary insurance. (FAC ¶ 11, 12.) However, National Union Fire Insurance Co. of Pittsburgh, the insurer, instead began making payments to Phyllis Benjamin, who Plaintiff alleges was the estranged wife of Robert Hall. (FAC ¶ 13.) Subsequently, National Union paid a $50,000 lump sum to Plaintiff and has continued to pay $250,000 in monthly installments to Benjamin. (FAC ¶ 13.) On November 15, 2007, plaintiff renewed his objection to payment of policy benefits to Benjamin and reserved his rights to receive payment of all benefits payable up to the $1,000,000 limit of liability. (FAC ¶ 15.)

Plaintiff filed a lawsuit in San Diego County Superior Court against National Union, Associated Underwriters, and United Truckers Association ("Defendants") on June 2, 2008, with causes of action for (1) declaratory relief; (2) intentional misrepresentation and concealment; (3) negligent misrepresentation; (4) unfair business practices; (5) breach of contract; and (6) breach of the duty of good faith and fair dealing. (Doc. No. 1.) The action was removed to this Court on July 3, 2008. (*Id.*)

On July 11, 2008, defendants filed their Answer to the Complaint. (Doc. No. 4.) Plaintiff filed a motion to amend the complaint pursuant to Federal Rule of Civil Procedure 15(a)(2) on November 24, 2008. (Doc. No. 14.) A response in opposition to this motion was filed by defendants on December 24, 2008, and plaintiff filed a reply on December 31, 2008 (Doc. Nos. 17 & 18.) This Court granted Defendants' request to amend the Complaint on April 13, 2009. (Doc. No. 23.) Plaintiff subsequently filed his First Amended Complaint ("FAC") on April 20, 2009. (Doc. No. 27.) The FAC claimed (1) Declaratory Relief; (2) Breach of Contract; (3) Breach of the Duty of Good Faith and Fair Dealing; (4) Intentional Misrepresentation and Concealment; (5) Negligent Misrepresentations; (6) Violation of California Business and Professions Code § 17200 et seq. (*Id.*)

On April 30, 2009, defendants filed the present motion to dismiss. (Doc. No. 33.) A

1   response in opposition to the motion was filed by Plaintiff on July 16, 2009.  (Doc. No. 37.)  A

2   reply to the opposition was filed on July 23, 2009.  (Doc. No. 39.)  A hearing was set for July 30,

3   2009.  This was subsequently vacated and the Court took the matter under submission without oral

4   argument pursuant to Local Civil Rule 7.1(d)(1).

5                    **MOTION TO DISMISS PURSUANT TO RULE 12(B)(6)**

6       **I.  Legal Standard**

7           Federal Rule of Civil Procedure 12(b)(6) permits courts to dismiss a complaint for two

8   reasons: (1) lack of a cognizable legal theory or (2) pleading of insufficient facts under an

9   adequate theory.  *Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir. 1990) (internal

10  citation omitted).  In reviewing a Rule 12(b)(6) motion to dismiss, the Court must assume the truth

11  of all allegations of material fact and construe inferences in the light most favorable to the

12  nonmoving party.  *Cedars-Sinai Med. Ctr. v. Nat'l League of Postmasters of the U.S.*, 497 F.3d

13  972, 975 (9th Cir. 2007).  While the complaint need not contain detailed factual allegations, "a

14  plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than

15  labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."

16  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1964–65 (2007) (citing *Papasan v.*

17  *Allain*, 478 U.S. 265, 286 (1986)).  In other words, "conclusory allegations of law and

18  unwarranted inferences are not sufficient to defeat a motion to dismiss."  *Associated Gen.*

19  *Contractors of Am. v. Metro. Water Dist.*, 159 F.3d 1178, 1181 (9th Cir. 1998) (quoting *Pareto v.*

20  *FDIC*, 139 F.3d 696, 699 (9th Cir. 1998)).

21          Where a motion to dismiss is granted, "leave to amend should be granted 'unless the court

22  determines that the allegation of other facts consistent with the challenged pleading could not

23  possibly cure the deficiency.'"  *DeSoto v. Yellow Freight Sys., Inc.,* 957 F.2d 655, 658 (9th Cir.

24  1992) (quoting *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir.

25  1986)).  In other words, where leave to amend would be futile, the Court may deny leave to

26  amend.  *See Desoto*, 957 F.2d at 658; *Schreiber*, 806 F.2d at 1401.

27  //

28  //

**II.  Discussion**

A.  <u>Fourth and Fifth Causes of Action for Intentional/Negligent Misrepresentation</u>

Defendant moves to dismiss plaintiff's fourth and fifth causes of action for intentional and negligent misrepresentation and concealment, respectively, pursuant to Rule 12(b)(6).  Defendant primarily argues that plaintiff has failed to plead actual reliance by plaintiff himself on the alleged misrepresentations.  For the reasons stated below, the Court agrees and grants defendant's motion to dismiss the fourth and fifth causes of action in plaintiff's FAC.

To adequately plead fraud in the complaint, plaintiff must assert: "1) a misrepresentation or actionable concealment of fact; 2) knowledge of falsity or the duty of disclosure; 3) intent to defraud or induce reliance; and 4) actual reliance by the plaintiff."[1]  *Mega Life & Health Ins. Co. v. Superior Court*, 172 Cal. App. 4th 1522, 1530 (2009) (citing Cal. Civ. Code § 1709; *Small v. Fritz Cos., Inc.,* 30 Cal. 4th 167, 173 (2003)).  "Actual reliance occurs when a misrepresentation is 'an immediate cause of a plaintiff's conduct, which alters his legal relations' and when absent such representation, he would not, in all reasonably possibility, have entered into the contract or other transaction."  *Engalla et al. v. Permanente Medical Group., Inc.*, 15 Cal. 4th 951, 976 (1997) (citations omitted).  In this case, defendant correctly asserts that plaintiff cannot adequately plead actual reliance because the FAC contains no allegations that the misrepresentations were made to plaintiff.  Therefore, plaintiff could not have acted in reliance upon them.  To the contrary, any alleged misrepresentations were made to the policyholder alone during the application process. (*See* Mem. ISO MTD at 3-5.)

California case law supports this holding.  In *Mega Life & Health Insurance Co. v. Superior Court*, 172 Cal. App. 4th 1522, the court held that the husband of the deceased was a "stranger" to the medical insurance policy in that it "could not have caused *him* to 'alter his

---

[1]  Defendant also cites *Mirkin et al v. Wasserman*, 5 Cal. 4th 1082, 1088 (1993) as authority for the proposition that a misrepresentation or concealment must be made directly to the plaintiff in order for plaintiff to rely on those misrepresentations.  The *Mirkin* court rejects the "fraud-on-the-market" theory of pleading reliance, arguably finding that one must have "actually read or heard the alleged misrepresentations [to plead] a cause of action for deceit."  *Id.* at 1089.  The Court finds it unnecessary to discuss *Mirkin*, as the requirement of a plaintiff to plead actual reliance in asserting fraud or negligent misrepresentation is well settled and more properly illustrated by the other cases cited and discussed above.

1   position to his injury or risk.'" *Id.* at 1530.  Specifically, the husband plaintiff claimed that he had

2   an individual claim for injury against the insurance company for allegedly failing to cover his

3   wife's medical bills. *Id.* at 1525-26.  There was no dispute that, as successor in interest, plaintiff

4   had a claim to receive the proceeds of the insurance plan as his wife was entitled to. *Id.*  The issue

5   was whether plaintiff could plead fraud or misrepresentation even though the misrepresentations

6   were not made directly to the plaintiff, but rather to his wife. *Id.* at 1526.  The could held that

7   plaintiff did not have a cause of action because he could not plead actual reliance. *Id.* at 1530-31.

8   Conversely, the alleged misrepresentations were made directly to his wife and, even assuming the

9   husband encouraged his wife to enter the policy based on these misrepresentations, plaintiff

10  himself "made no application for insurance and did not receive an allegedly deficient policy or

11  coverage.  He did *not* change his legal position to his detriment." *Id.* at 1531.

12         Similarly, plaintiff in the present case was not a direct recipient of the misrepresentations,

13  did not make an application for insurance, and did not actually receive an allegedly deficient

14  policy or coverage.  Accordingly, he did not actually rely on any of the alleged misrepresentations.

15  Plaintiff contends that *Mega Life* is distinguishable from the present case because he is a named

16  intended beneficiary to the policy.  While this may be true, this does not negate the fact that he did

17  not enter the policy in reliance on the alleged misrepresentations.  In fact, unlike in *Mega Life*,

18  where the husband played a role in the decision to enter the policy, the plaintiff in this case was

19  not even aware of the policy until after it had been signed and executed.  (*See* Mem. ISO MTD

20  n.1.)  Accordingly, plaintiff's attempt to distinguish *Mega Life* is unpersuasive.

21         Defendants also cite *Conroy v. Regents of the Univ. of CA*, 45 Cal. 4th 1244 (2009), for the

22  proposition that a third party cannot plead reliance on alleged misrepresentations made to another

23  person.  In *Conroy*, both plaintiff and her husband "executed separate agreements to donate their

24  bodies to the UCI Willed Body Program." *Id.* at 1247.  Upon her husband's death, plaintiff

25  properly delivered the body to UCI. *Id.* at 1248.  Plaintiff subsequently learned of mistreatment at

26  the program and instituted an action in state court asserting various claims, including negligent

27  misrepresentation, fraud and intentional deceit. *Id.*  The trial court granted defendants' motion for

28  summary judgment, and the Supreme Court of California affirmed. *Id.* at 1256.  The Supreme

1    Court asserted that plaintiff's claims failed for two reasons – first, because of lack of any false

2    representations by defendants and, second, because plaintiff failed to meet the requirements of

3    "actual reliance."  *Id.*  Specifically, plaintiff could not plead reliance because the actual donor, the

4    party who actually relied on any alleged misrepresentations when entering the contract or

5    agreement, was the plaintiff's husband.  "Plaintiff did not enter into an agreement with UCI

6    regarding her husband's body, nor did [defendant's] representations cause her to alter her legal

7    relations with UCI."  *Id.* at 1257.

8        Thus, both *Conroy* and *Mega Life* stand for the proposition that a third party, even an

9    intended beneficiary, cannot claim reliance on an insurance policy or other agreement which he or

10   she did not enter into based on misrepresentations made directly to the plaintiff.  That is exactly

11   the situation in this case.

12       Further, plaintiff's reliance on *Shafer v. Berger et al.*, 107 Cal. App. 4th 54 (2003) and

13   *Glenn K. Jackson, Inc. v. Richard Roe*, 273 F.3d 1192, 1200 (9th Cir. 2001), for the assertion that

14   a third party beneficiary can sue an insurance company for negligent misrepresentation is

15   misplaced.  *Shafer* is inapposite to the present case because, in *Shafer*, the alleged

16   misrepresentations were apparently made directly to the plaintiffs.  *Shafer*, 107 Cal. App. 4th at 66

17   ("After the Shafers [plaintiffs] obtained judgment against Truck's insureds, La Belle represented *to*

18   *the Shafers* that Truck did not agree to provide indemnity for wilful acts." (emphasis added)).  In

19   *Glenn K. Jackson*, the court noted that there was a class of people who can sue an auditor for

20   negligent misrepresentation; namely, those persons who are "specifically intended beneficiaries of

21   the audit report who are known to the auditor and for whose benefit it renders the audit report."

22   *Glenn K. Jackson*, 273 F.3d at 1200.  The court went on to hold, however, that because the third

23   party did not produce evidence that the auditor "intended to induce reliance on the audit report and

24   that [the third party] did justifiably rely on the report to its detriment," it could not recover on a

25   theory of negligent misrepresentation.  *Id.* at 1201.  Thus, while this language regarding third party

26   beneficiaries could arguably apply to an intended beneficiary of an insurance policy, it does not

27   change the fact that plaintiff in this case did not adequately plead actual reliance on that policy to

28   his detriment.  Accordingly, *Glenn K. Jackson* does not affect this Court's ultimate holding that

     plaintiff has failed to plead actual reliance.

08cv1195

1     As a result, plaintiff's  fourth and fifth cause of action for negligent misrepresentation and

2     intentional misrepresentation and concealment fails.  The Court grants defendants' motion to

3     dismiss pursuant to Rule 12(b)(6) for these causes of action, with leave to amend.

4                    B.  Sixth Cause of Action for Violations of California Business & Professions Code

5     California's Unfair Competition Law includes "any unlawful, unfair or fraudulent business

6     act or practice."  Cal. Bus. & Prof. Code § 17200.  Section 17200 is broad, borrowing from

7     violations of other laws and making these violations independently actionable as an unfair

8     competition claim.  *See  Cal-Tech Comms. Inc. v. Los Angeles Cellular Telephone Co.*, 20 Cal. 4th

9     163 (1999).  Section 17200 is limited to claims for injunctive relief or restitution.  *Korea Supply*

10    *Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1143-44 (2003).

11    Defendant first argues that plaintiff cannot recover under § 17200 because plaintiff already

12    has an adequate remedy at law.  Defendant claims that, "with respect to insurance policies and

13    beneficiary rights, the beneficiary must plead, ... [that] plaintiff has no adequate remedy at law."

14    (Opp. to MTD at 6, 7 (citing *Heighley v. J.C. Penny Life Ins. Co. et al.*, 257 F. Supp. 2d 1241,

15    1259-60 (C.D. Cal. 2003); *Stewart v. Life Ins. Co. of N. Am.*, 388 F. Supp. 2d 1138, 1144 (E.D.

16    Cal. 2005)).)  Therefore, defendant asserts, because plaintiff also seeks monetary relief under his

17    claims of breach of contract, declaratory relief, and breach of the implied covenant of good faith

18    and fair dealings, he has adequate remedies at law to recover his alleged policy benefits.  The

19    Court disagrees.  Plaintiff is not seeking monetary damages or restitution under § 17200.  Rather,

20    plaintiff is clearly seeking an injunction. (FAC ¶ 72.)  Thus, while the breach of contract and

21    breach of the implied covenant of good faith and fair dealings may provide plaintiff with monetary

22    damages, it will not provide him with the injunction he is seeking under his § 17200 claim.

23    Defendant further alleges that plaintiff has not plead an adequate basis for seeking

24    injunctive relief in the FAC.  Again, the Court disagrees.  Plaintiff has sufficiently plead an

25    ongoing need for injunctive relief.  Plaintiff has not only asserted that the "unlawful practices

26    alleged above are continuing in nature and are widespread practices, " plaintiff has supported this

27    statement with factual allegations.  Specifically, plaintiff has alleged that defendants continuously

28    issue applications for insurance using language that is designed to induce entities to purchase the

insurance believing they are receiving benefits different from what they are in fact receiving.

1    Defendants then deny "benefits based on language concealed, mislabeled, and not disclosed in the

2    application." (FAC ¶¶ 63-68.) These factual contentions adequately support plaintiff's request

3    that "an injunction be issued against Defendants, and each of them, to enjoin them from continuing

4    to engage in the unlawful conduct." (FAC ¶ 72.)

5          Defendants' third argument that  plaintiff has no standing to bring a § 17200 claim also

6    fails. Defendant asserts that "[f]ollowing passage of Proposition 64, to have standing to bring suit

7    under the Unfair Competition Act, a plaintiff must make a twofold showing, [sic] he or she must

8    demonstrate an injury in fact and a loss of money that is directly caused by the alleged unfair

9    competition claimed." (Mem. ISO MTD at 11 (citations omitted).) The Court finds that plaintiff

10   has adequately plead both injury in fact and loss of money. The FAC alleges that plaintiff himself

11   was injured and lost money as a result of the unfair business practices because defendants failed to

12   pay him policy benefits that were owed to him under the policy, and further alleges that defendants

13   are continuing to engage in unfair business practices in their applications for insurance as provided

14   to other possible purchasers. These allegations are sufficient to support plaintiff's standing to

15   bring a § 17200 claim.

16         Next, defendant argues that "Plaintiff is not permitted to usurp jurisdictional authority

17   vested in state's regulatory agencies or to impose regulatory requirements on foreign corporate

18   entities." (Mem. ISO MTD at 12 (citing *Employee Serv. Assoc. v. Stafford Gray, as Ins. Commr.*,

19   243 Cal. App. 2d. 817 (1996).) Specifically, defendant claims that plaintiff's allegations concern

20   licensing and corporation formation issues, which are reserved to state agencies, not persons in

21   plaintiff's position. The Court finds this argument to be baseless. The FAC does not implicate

22   these issues and therefore the usurpation of state regulatory authority is irrelevant.

23         Defendants' sixth argument[2] is that certain allegations fall within the scope of the Unfair

24   Insurance Practices Act, and that "[r]e-casting Unfair Insurance Practices Act allegations[] under

25   the guise of a section 17200 claim is not permitted under *Moradi-Shalal* and properly ordered

26   dismissed." (Mem. ISO MTD at 13 (citations omitted).) However, defendants offer no further

27   basis for its bald conclusion that the allegations asserted as a violation of § 17200 actually fall

28

---

[2] The Court has already addressed defendants' fifth argument, which is that plaintiff has no cognizable remedy afforded under § 17200 (restitution or injunction).

08cv1195

1   under certain provisions of the Unfair Insurance Practices Act.[3]  The FAC certainly does not

2   explicitly indicate that this is so.  Accordingly, without further explanation by defendants, this

3   argument fails.

4        Defendants' final argument is that the Unfair Competition claim must fail because the

5   "borrowed laws" which were allegedly violated, resulting in unfair competition, fail.  The

6   "borrowed laws" plaintiff claims were violated are Insurance Code §§ 780 and 781 and the

7   Consumer Legal Remedies Act §§ 1770(9), (14), (16), and (19).  Defendants cite *Cal-Tech*

8   *Comms. Inc. v. Los Angeles Cellular Telephone Co.*, 20 Cal. 4th 163 (1999) and *Smith v. State*

9   *Farm Mutual Auto Ins. Co.*, 93 Cal. App. 4th 700, 718 (2001) as their authority for stating that, if

10  the underlying violations fail, as does the overall unfair competition claim.  However, in reading

11  these cases, it is clear that a § 17200 Unfair Competition claim can be predicated on either

12  unlawful *or* unfair practices.  Therefore, it is irrelevant whether the specific statutes named in the

13  complaint were violated, so long as the other alleged acts were "unfair."  *See Cal-Tech*, 20 Cal. 4th

14  at 180; *State Farm Mutual*, 93 Cal. App. 4th at 718-19.  The Court, therefore, declines to address

15  the specific statutes cited in the FAC.  The remaining alleged acts are sufficient to support

16  plaintiffs' claim against defendants for a violation of California's Business and Professsions Code

17  § 17200.

18       For the reasons stated above, defendants' arguments are without merit and the Court denies

19  defendant's motion to dismiss the sixth cause of action pursuant to Rule 12(b)(6).

20               **MOTION TO STRIKE PURSUANT TO RULE 12(F)**

21       Defendants also move the Court to strike the "'temporary insurance" allegations in the

22  General Allegations and First, Second, and Third Causes of Actions in the FAC.  (Mem. ISO MTD

23  at 4, 15-17.)

24       **I.  Legal Standard**

25       Under FRCP 12(f), a court "may order stricken from any pleading any insufficient defense

26  or any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. Proc. 12(f).  A

27  Rule 12(f) motion may also be used to "strike any part of the prayer for relief when the damages

28

---

[3]  Specifically, defendants contend that the alleged acts fall within the scope of Cal. Ins. Code §§ 790.03(h)(1), (3), (8), (9), (13), the Unfair Insurances Practices Act.

sought are not recoverable as a matter of law." *Bureerong v. Uvewas*, 922 F.Supp. 1450, 1479 n.34 (C.D.Cal. 1996). However, "motions to strike pursuant to Rule 12(f) are disfavored." *Estate of Migliaccio v. Midland Nat'l Life Ins. Co.*, 436 F.Supp. 2d 1095, 1100 (C.D.Cal. 2006). Thus, "[i]f there is any doubt as to whether the allegations might be an issue in the actions, courts will deny the motion." *In re 2TheMart.com, Inc.*, 114 F.Supp. 2d 955, 965 (C.D.Cal. 2000).

## II. Discussion

In the FAC, plaintiff alleges that the deceased (alleged) policy holder was covered under a policy of Temporary Insurance which designated plaintiff as his beneficiary upon his death.  (FAC ¶¶ 17, 22, 28.)  In support of defendants' motion to strike the temporary insurance policy allegations, defendants have lodged as exhibit A to their motion to strike a copy of a "group policy."  Essentially, defendants rely on this policy to support their contention that there was no possibility of the existence of a temporary insurance policy because the final policy was already bound prior to the policyholder's death.  (Mem. ISO Mot. at 16.)  This copy of the policy was not attached to plaintiff's complaint, but has only been brought before the court by defendants as an attachment to their motion to strike.  Thus, in order for the court to consider the document, the doctrine of incorporation by reference must be met.

The Ninth Circuit has set out when a doctrine may be incorporated by reference when it is attached to a *motion to dismiss* under FRCP Rule 12(b)(6), but not attached to the FAC.  *See Knievel v. ESPN*, 393 F.2d 1068, 1076 (9th Cir. 2005).  Plaintiff asserts, however, that its "research has not identified any cases which have held that the doctrine of incorporation by reference is applicable to a defendant's *motion to strike* under FRCP 12(f)."  (Opp. to MTD at 10 (emphasis added).)  Defendants do not attempt to contest this and do not provide the Court with any authority that the Court may properly consider the attached policy as it is referred to in the motion to strike under the incorporation by reference doctrine.   Without the Court being able to refer to the document, defendants' motion to strike fails.  Accordingly, the Court denies defendants' motion to strike pursuant to Rule 12(f).

//
//
//

**CONCLUSION**

For the reasons stated below, the Court **GRANTS** defendants' motion to dismiss the fourth and fifth causes of action of the FAC **WITHOUT PREJUDICE**.  Plaintiff **SHALL FILE** any amendment to the FAC within 30 days of this Order being electronically docketed.

The Court **DENIES** defendants' motion to dismiss the sixth cause of action of the FAC.

The Court further **DENIES** defendants' motion to strike.

IT IS SO ORDERED.

DATED:  December 8, 2009

_Janis L. Sammartino_
Honorable Janis L. Sammartino
United States District Judge

08cv1195