# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MILES HALL,<br><br>　　　　　　　　Plaintiff,<br><br>vs.<br><br>NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, et al.,<br><br>　　　　　　　　Defendant. | CASE NO. 08 CV 1195 JLS (WVG)<br><br>**ORDER: (1) GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT; (2) SUA SPONTE GRANTING PARTIAL SUMMARY JUDGMENT IN FAVOR OF PLAINTIFF**<br><br>(Doc. Nos. 63.) |

　　　　Presently before the Court is Defendants' motion for summary judgment or, in the alternative, partial summary judgment. (Doc. No. 63.) The Court has previously granted Plaintiff's cross-motion for partial summary judgment of the first cause of action for declaratory relief. (Doc. No. 144.) The Court, however, did not rule on Defendant's cross-motion for summary judgment of the remaining causes of action. Instead, the Court requested supplemental briefing on two issues relating to the causes of action for breach of contract and California's Unfair Competition law. The Court did not request supplemental briefing on the cause of action for breach of the implied covenant of good faith or fair dealing. Now, having received the requested briefing and respective oppositions (Doc. Nos. 148, 149, 152, 153), the Court **HEREBY GRANTS** in part and **DENIES** in part Defendant's motion for summary judgment and *sua sponte* **GRANTS** partial summary judgment in favor of Plaintiff.

**BACKGROUND**

The factual and procedural background as set forth in this Court's Order granting partial summary judgment in favor of Plaintiff is hereby incorporated by reference. (*See* Doc. No. 144 at 1-3.)

**LEGAL STANDARD**

Federal Rule of Civil Procedure 56 permits a court to grant summary judgment where (1) the moving party demonstrates the absence of a genuine issue of material fact and (2) entitlement to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "Material," for purposes of Rule 56, means that the fact, under governing substantive law, could affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Freeman v. Arpaio*, 125 F.3d 732, 735 (9th Cir. 1997). For a dispute to be "genuine," a reasonable jury must be able to return a verdict for the nonmoving party. *Anderson*, 477 U.S. at 248.

The initial burden of establishing the absence of a genuine issue of material fact falls on the moving party. *Celotex*, 477 U.S. at 323. The movant can carry his burden in two ways: (1) by presenting evidence that negates an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party "failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." *Id.* at 322–23. "Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment." *T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

Once the moving party establishes the absence of genuine issues of material fact, the burden shifts to the nonmoving party to set forth facts showing that a genuine issue of disputed fact remains. *Celotex*, 477 U.S. at 324. The nonmoving party cannot oppose a properly supported summary judgment motion by "rest[ing] on mere allegations or denials of his pleadings." *Anderson*, 477 U.S. at 256. When ruling on a summary judgment motion, the court must view all inferences drawn from the underlying facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

//

//

# DISCUSSION

Defendant's motion seeks summary judgment of all causes of action remaining after this Court's motion to dismiss Order. (Doc. No. 51.) The remaining causes of action are: (1) Declaratory Relief; (2) Breach of Contract; (3) Breach of the Implied Covenant of Good Faith and Fair Dealing; and (4) Violations of California's Business and Profession's Code § 17200 ("UCL"). (*Id.*) Having already granted Plaintiff's cross-motion for summary judgment of the first cause of action, the Court **HEREBY DENIES** Defendant's motion for summary judgment of the first cause of action for declaratory relief. The remaining causes of action, however, render further discussion.

## I.     Breach of Contract

The Court has issued a declaratory judgment that Robert Hall was entitled to $1 million in coverage under the insurance policy at issue in this case. (Doc. No. 144.) Robert Hall's named beneficiary, Plaintiff Miles Hall, however, was paid only $50,000 in benefits and Robert Hall's surviving wife is in the process of being paid $200,000 in monthly installments. Plaintiff's breach of contract claim arises out of the allegation that, by failing to pay $1 million in coverage to Plaintiff as provided by the insurance policy, Defendant breached the contract. Pursuant to its declaratory judgment, the Court requested both parties further address whether genuine issues of material fact remain under the breach of contract cause of action. (*See* Doc. No. 144 at 14; *see also* Doc. Nos. 148, 149, 152, 153.)

Defendant's supplemental briefing, however, does not address the breach of contract claim *in light of* this Court's declaratory judgment as requested. Instead, Defendant elected to re-assert the very arguments which this Court has previously rejected in granting Plaintiff's motion for partial summary judgment. Specifically, this Court has already held that the reasonable expectation of Robert Hall pursuant to the Certificate of Insurance is that $1 million in coverage would be awarded to his named beneficiary, Plaintiff Miles Hall, and that any limitation to this $1 million in coverage is not clear, plain and conspicuous and therefore unenforceable. (Doc. No. 144 at 12-13.) As such, the Court found that Robert Hall was entitled to $1 million in coverage to be paid to Plaintiff, his named beneficiary. Thus, the Order granting partial summary judgment in

favor of Plaintiff and the findings within preclude, as a matter of law, Defendants' contention that it did not breach the contract by paying only $50,000 to Plaintiff.  Therefore, by failing to pay Plaintiff the $1 million due as determined by this Court, Defendants breached the contract. Defendants make no argument concerning any remaining issues of material fact as to the breach of contract cause of action.[1]  As such, the Court **HEREBY DENIES** Defendants' motion for summary judgment for breach of contract and *sua sponte* **GRANTS** summary judgment of this cause of action in favor of Plaintiff.[2]  The Court finds that Defendant, as a matter of law, is entitled to $1 million in benefits, less the $50,000 already paid.

## II.     Breach of Implied Duty of Good Faith and Fair Dealing

"In order to establish a breach of the implied covenant of good faith and fair dealing under California law, a plaintiff must show: (1) benefits due under the policy were withheld; and (2) the reason for withholding benefits was unreasonable or without proper cause." *Guebara v. Allstate Ins. Co.*, 237 F.3d 987 (9th Cir. 2001).  "A court can conclude as a matter of law that an insurer's denial of a claim is not unreasonable, so long as there existed a genuine issue as to the insurer's liability.  An insurer is liable for breach of the implied coverage of good faith and fair dealing if it acted unreasonably in denying coverage." *Lunsford v. American Guarantee & Liability Ins. Co*, 18 F.3d 653 (9th Cir. 1994) (citations omitted).

Plaintiff's claim for breach of the implied duty of good faith and fair dealing relies, in large part, on Defendants' failure to pay the benefits due under the policy and the misrepresentations of policy benefits.  (*See* FAC at 5-6.)  Insofar as the claims rely on the wrongful payment of benefits,

---

[1]  Under California law, "A cause of action for breach of contract requires proof of the following elements: (1) existence of the contract; (2) plaintiff's performance or excuse for non-performance; (3) defendant's breach; and (4) damages to plaintiff as a result of the breach." *CDF Firefighters v. Maldonado*, 158 Cal. App. 4th 1226, 1239 (2008). Plaintiff sufficiently established the existence of the contract, Plaintiff's performance, and resulting damages, which Defendant made no effort to dispute. (*See* Pl. Supp. Brief at 3-4.)

[2]  A court may sua sponte grant summary judgment to the non-moving party. *Cool Fuel, Inc. v. Connett*, 685 F.2d 309, 311 (9th Cir. 1982) ("It is, nevertheless, true that the overwhelming weight of authority supports the conclusion that if one party moves for summary judgment and, at the hearing, it is made to appear from all the records, files, affidavits and documents presented that there is no genuine dispute respecting a material fact essential to the proof of movant's case and that the case cannot be proved if a trial should be held, the court may sua sponte grant summary judgment to the non-moving party."); *see also Hood River County v. U.S. Dept. of Labor*, 532 F.2d 1236 (9th Cir. 1976).

the Court finds no breach of the implied duty of good faith and fair dealing because there is, at the very least, a genuine issue as to what benefits were due under the policy. The mere failure to pay the $1 million due, and the failure to clearly and conspicuously assert the policy benefits, does not support a finding that Defendants necessarily acted in bad faith. Further, both Robert Hall's wife and Plaintiff made claims to the insurance benefits. Again, even though Defendants wrongly distributed the benefits, there is no evidence that this was in bad faith or otherwise unreasonable. Similarly, while the Court finds that the benefits due under the policy were not clear and plain, nor was a copy of the policy given to Robert Hall, this evidence alone does not sufficiently establish bad faith on behalf of Defendants. *See, e.g.*, *Maile C. Stewart v. Life Ins. Co. of N. Am.*, 388 F. Supp. 2d 1138, 1144 (E.D. Cal. 2005) (granting summary judgment of a breach of the implied covenant of good faith and fair dealing claim based on the genuine dispute doctrine); *see also Dalrymple v. United Servs. Auto. Ass'n*, 40 Cal. App. 4th 497, 523 (1995) ("[A]n insurer can erroneously dispute coverage without acting in bad faith").

Plaintiff also argues that, as of April 2008 when an audit was undertaken and AUI was advised that it failed to disclose the terms of coverage, National Union knew of the benefits due but continued to unreasonably withhold those benefits. This, according to Plaintiff, serves as another the basis for the breach of the implied covenant claim. The Court disagrees. Regardless of the audit and Plaintiff's knowledge regarding what information was or was not conveyed to insureds, for the same reasons above, there remained a reasonable and genuine dispute as to who was entitled to the benefits and how much. As such, the Court **GRANTS** summary judgment of the implied covenant of good faith and fair dealing cause of action in favor of Defendants.

**III.    California Business & Profession Code § 17200**

Plaintiff's sixth cause of action is for injunctive relief under California Business & Profession Code § 17200 ("UCL"). The UCL broadly prohibits "any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising." Cal. Bus. & Prof. Code § 17200. Plaintiff seeks an injunction of Defendants' allegedly unfair

1  practices, which Plaintiff alleges "are continuing in nature and are widespread practices. . ."[3] (*See*
2  *id.* at ¶¶ 62-72.) A prerequisite to injunctive relief is a demonstration that the plaintiff is
3  "realistically threatened by a repetition of the violation." *Armstrong v. Davis*, 275 F.3d 849, 860-
4  61 (9th Cir. 2001) (citing *City of Los Angeles v. Lyons*, 461 U.S. 95, 109 (1983)).

5       The UCL allegations in this case are centered around claimed misrepresentations in the
6  Application form used by Robert Hall—an application form that is no longer in use. (*See* FAC ¶¶
7  64, 65, 68, 69; *see also* Stineman Decl. ¶ 15.) Thus, Defendants contend that there is no future
8  conduct to enjoin and that Plaintiff has therefore not proven an essential element of the UCL
9  claim. Court ordered supplemental briefing on this cause of action. (*See* Doc. No. 144.) Having
10 reviewed the original moving papers and supplemental briefing, the Court hereby grants
11 Defendants' motion for summary judgment of the sixth cause of action for violation of the UCL.

12      The undisputed evidence before the Court is that the 2007 Application Form is no longer in
13 use. There is a lack of evidence, however, as to what application form is in use and if that form
14 cures the deficiencies argued by Plaintiff which constitutes unlawful, unfair or fraudulent business
15 practices. Plaintiff claims that it is Defendant's burden to produce the new application form in
16 order to establish the injunctive relief cause of action as moot. Defendant, however, argues that
17 Plaintiff has the burden of establishing that he is realistically threatened by repetition of the same
18 alleged violation.

19      Given that the application form at issue is indisputably no longer in use, the Court finds
20 Plaintiff's claim for an injunction moot. There is no evidence before the Court as to whether the
21 new application cures the allegedly unfair business practices, i.e. the use of "Combined Single
22 Limits" and "AD&D."[4] However, the burden of establishing future injury which needs to be
23 enjoined remains that of Plaintiff's and not Defendants'. *See Celotex*, 477 U.S. at 322-23.

---

25 [3] The FAC does not establish which prong its UCL claim falls under—the unlawful, the unfair, or the fraudulent prong. Plaintiff specifically asks for "an injunction . . . to enjoin [Defendants] from continuing to engage in the unlawful conduct alleged herein" and cites several provisions which the unlawful activity is allegedly tethered to. (FAC ¶ 72.) However, Plaintiff also states that Defendants have "committed acts of unfair competition" as well as "false and misleading business practices." (*See id.* ¶¶ 70, 67.) Thus, it appears that the allegations encompass all three prongs.

28 [4] In fact, the only possible new application before this Court, produced by Plaintiff, admittedly cures all deficiencies Plaintiff complains of. (*See* Jordan Decl. Ex. 7.)

1 Defendants have met its initial burden for purposes of summary judgment that there is an absence
2 of genuine issue as to whether there is anything to be enjoined by evidencing that the application
3 at issue is no longer in use. Yet, Plaintiff has not sufficiently established that there is a genuine
4 issue, i.e. that this language is still found in the new application.[5] Thus, the Court **HEREBY**
5 **GRANTS** Defendants' motion for summary judgment of the UCL cause of action, finding no
6 adequate remedy as a matter of law.

## CONCLUSION

For those reasons, the Court **HEREBY: (1) DENIES** Defendant's motion for summary judgment of the causes of action for declaratory relief and breach of contract; (2) **GRANTS** Defendant's motion for summary judgment of the causes of action for breach of the implied covenant of good faith and fair dealing and violation of California's Business and Professions Code § 17200; and (3) *sua sponte* **GRANTS** summary judgment in favor of Plaintiff of the breach of contract cause of action. The Clerk shall close the file.

IT IS SO ORDERED.

DATED: August 26, 2010

_____
Honorable Janis L. Sammartino
United States District Judge

---

[5] Further, Defendants argue that any allegations centered around using false or misleading statements to increase its market share are inapplicable given that Plaintiff is indisputably not a "business competitor" and has never been a member of the UTA or enrolled in the group insurance program. (*See* FAC ¶¶ 66, 67.) And, as for any injunctive relief regarding alleged misrepresentations which induced reliance, the Court has already ruled that Plaintiff has no standing to assert such allegations, as he could not have personally relied on any such misrepresentations. (*See* Doc. No. 51.) The Court agrees. Furthermore, considering Plaintiff has no intention of applying for, and thus using the application form for, insurance coverage by Defendants, Plaintiff's ability to show a realistic threat of further harm to himself fails on this basis, as well.