1
2
3
4
5
6
7
8
9

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

10

MILES HALL,

CASE NO. 08CV1195 JLS (WVG)

11

Plaintiff,

**ORDER DENYING
DEFENDANTS' MOTION
PURSUANT TO FRCP RULE
59(a)(2) TO TAKE ADDITIONAL
TESTIMONY OR ORDER TRIAL;
OR ALTERNATIVELY FRCP
RULE 59(e) TO AMEND OR
ALTER JUDGMENT**

12

vs.

13

14

NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, PA, et al.,

15

16

Defendants.

(Doc. No. 164.)

17

18

        Presently before the Court is Defendants' motion pursuant to Federal Rule of Civil Procedure
19
59(a)(2) to take additional testimony or order trial; or alternatively Federal Rule of Civil Procedure
20
Rule 59(e) to amend or alter judgment.  (Doc. No. 164 (Mot.).)  Also before the Court is Plaintiff's
21
response in opposition (Doc. No. 167 (Opp'n)) and Defendants' reply.  (Doc. No. 168 (Reply).)  For
22
the reasons stated below, Defendants' motion is **DENIED**.

                                                BACKGROUND
23

24
        The factual and procedural background as set forth in this Court's Order on July 1, 2010, is
25
hereby incorporated by reference.  (*See* Doc. No. 144 (Order) at 1, *available at Hall v. Nat'l Union
26
Fire Ins. Co. of Pittsburgh, Pa.*, 2010 WL  2650271 (S.D. Cal. July 1, 2010).)  The Court continues
27
the story with the motions surrounding the July 1, 2010, Order.

28
        On April 16, 2010, Defendants filed a motion for summary judgment on Plaintiff's second
cause of action, breach of contract.  (Doc. No. 63.)  Defendants argued that summary adjudication on

the claim was appropriate because Defendants had already paid Plaintiff what Plaintiff was entitled to under Robert Hall's insurance policy.  (*Id.* at 3.)  Three days later, Plaintiff filed a motion for partial summary judgment, requesting the Court adjudicate Plaintiff's first cause of action for declaratory judgment regarding benefits payable under Robert Hall's insurance policy.  (Doc. No. 95.)

The Court proceeded with Plaintiff's motion first and issued an Order on July 1, 2010.  (Order.)  The Court granted Plaintiff's motion for partial summary judgment on the first cause of action for declaratory relief.  (*Id.* at 1.)  In the opening salvo, the Court noted it was appropriate to adjudicate Plaintiff's rights under the "group policy and/or the Certificate."  (*Id.* at 6.)  And continuing down that path brought the Court to the conclusion that Robert Hall—and by extension, Plaintiff—was "entitled to $1 million in coverage."  (*Id.* at 14.)

In light of its finding on the first cause of action, the Court ordered supplemental briefing on the issue whether there were any genuine issues of fact remaining for trial as to Plaintiff's cause of action for breach of contract—the subject of Defendants' earlier motion for summary judgment.  (*Id.* at 14.)  After considering the supplemental briefing, the Court issued its Order on August 26, 2010.  (Doc. No. 157.)  The Court denied Defendants' motion on the breach of contract claim and *sua sponte* granted summary judgment on the claim in Plaintiff's favor.  A judgement was entered against Defendants soon thereafter.  (Doc. No. 161.)  These events serve as the backdrop for Defendants' present motion.

## DISCUSSION

Defendants request the Court to consider additional testimony or order trial under Federal Rule of Civil Procedure Rule 59(a), or alternatively to amend the Court's judgment in favor of Defendants under Rule 59(e).  Although framed confusingly, the heart of the matter concerns the Court's adjudication of Plaintiff's motion for summary judgment.  In deciding Plaintiff's cause of action for declaratory judgment, the Court found it proper to consider Plaintiff's rights under Robert Hall's "group policy and/or the Certificate."  (Order at 6.)  Defendants argue that it was blindsided and did not know that the Court was going to consider that issue.  As a result, Defendants argue that it was not given an opportunity to provide all of its evidence.

According to Defendants, Plaintiff's complaint and motion for summary judgment requested

adjudication of Plaintiff's rights under a "temporary insurance policy" only.  As a result, Defendants were not apprised that the Court would consider Plaintiff's rights under the group policy.  (Mot. at 3; Order at 6.)  Defendants contend that if the group policy was at issue, Defendants would have submitted "the declaration of insurance expert Carl Sadler and legal authorities demonstrating that the terms in the Certificate are properly explained by trade usage." (Mot. at 3.)  This evidence would have been relevant to the Court's adjudication of whether the Certificate given to Robert Hall was ambiguous; which in turn was relevant to the amount of coverage the policy provided.  (Order at 10.)

Under the circumstances, the Court construes Defendants' motion as requesting reconsideration of the Court's Order on Plaintiff's motion for summary judgment.  Reconsideration is appropriate when (1) the district court is presented with newly-discovered evidence, (2) the district court committed clear error or the initial decision was manifestly unjust, or (3) there is an intervening change in controlling law.  *School Dist. No. 1J, Multnomah County v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).  "A Rule 59(e) motion may not be used to . . . present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (citing *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir.1999)) "Ultimately, the decision on a motion for reconsideration lies in the Court's sound discretion." *Photomedex, Inc. v. Irwin*, 2010 WL 3789639, at *2 (S.D. Cal. Sept. 27, 2010).

The Court finds no basis for reconsideration.  The core of Defendants' argument in favor of reconsideration is that the Court *sua sponte* decided the issue of Plaintiff's rights under "the group policy." (Mot. at 3.)  And because of this, Defendants were not given an opportunity to provide evidence relevant to the Court's decision.  But this mischaracterizes the Plaintiff's FAC, Plaintiff's motion for summary judgment, and the Court's consideration of both.  Defendants had the opportunity to provide the Court with the evidence it wishes the Court to consider now.  Having failed to provide it earlier, the Court will not reconsider its Order on the basis that Defendants now regret their strategic decision.

The entirety of the circumstances provided Defendants with substantial warning regarding the scope of Plaintiff's first cause of action and—by extension—Plaintiff's motion for summary judgment.  The Court restates its interpretation of the scope of Plaintiff's first cause of action as follows:

The first cause of action also asserts that Plaintiff is entitled to $1 million in coverage because "[t]here was no conspicuous plain or clear statement of any lesser limit of liability or any reduction of benefits payable to Robert Hall's beneficiary ever communicated to Robert Hall prior to his death on March 6, 2007." ([FAC] ¶ 18.) To this point, the issue becomes whether the limitation as set forth in the group policy and/or the Certificate is enforceable.

(Order at 6.)  And the Court stands by its reasoning here.  The FAC gave Defendants sufficient warning that more than the "Temporary Insurance" was at issue.  In fact, the entirety of Robert Hall's insurance coverage was at issue.

Moreover, Plaintiff's motion for summary judgment provided Defendants opportunity to enter its evidence.  Defendants wish to submit "the declaration of insurance expert Carl Sadler and legal authorities" in order to demonstrate that the terms "AD&D" and "CSL" on the insurance certificate were "properly explained by customary and trade meaning." (Mot. at 3, 5.)  This issue was raised in Plaintiff's motion for summary judgment.  The entirety of roman numeral III—spanning pages nearly ten pages—discussed Plaintiff's interpretation of its rights under Robert Hall's insurance policy.  This required Plaintiff to argue that the insurance Certificate provided to Robert Hall was not plain, clear, and conspicuous.  And a significant portion of this rested on whether the terms CSL and AD&D.

Thus, the Court finds that Defendants had the opportunity to provide this evidence before the entry of judgment.  Having no other basis for reconsideration, Defendants' motion is **DENIED.**

### CONCLUSION

Defendants request this court to either consider additional testimony or order trial under Federal Rule of Civil Procedure Rule 59(a), or alternatively to amend the Court's judgment in favor of Defendants under Rule 59(e).  The Court finds that Defendants wish to proffer evidence that could have been provided before the entry of judgment.  As a result, the Court finds no basis for reconsidering the Orders underlying the judgment in this case.  Defendants' motion is **DENIED**.

**IT IS SO ORDERED**.

DATED:  November 22, 2010

_Janis L. Sammartino_
Honorable Janis L. Sammartino
United States District Judge

08CV1195